**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**

ATTORNEY FOR APPELLANT:

**CARA SCHAEFER WIENEKE**
Wieneke Law Office, LLC
Plainfield, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**ERIC P. BABBS**
Deputy Attorney General
Indianapolis, Indiana



FILED

Feb 02 2012, 9:10 am

CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| ERIC C. ROACH, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 62A01-1108-CR-367 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE PERRY CIRCUIT COURT
The Honorable M. Lucy Goffinet, Judge
Cause No. 62C01-1105-FA-253

**February 2, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**VAIDIK, Judge**

**Case Summary**

Eric C. Roach argues that his advisory sentence of ten years executed for Class B felony dealing in methamphetamine is inappropriate "given his character." Appellant's Br. p. 1. Finding that Roach has failed to persuade us that his sentence is inappropriate in light of the nature of the offense and his character, we affirm.

**Facts and Procedural History**

On April 30, 2011, an officer with the Cannelton Police Department arrested Daniel Crowley for possession of methamphetamine. Crowley told police that twenty-seven-year-old Roach from Kentucky sold him the methamphetamine. Police located Roach later that night sitting in his truck in a parking lot in Tell City, Indiana. Police found a large amount of methamphetamine, marijuana, three guns, pseudoephedrine, lithium batteries, Alprazolam, and a police radio on Roach's person and in his truck. A seventeen-year-old girl was also with Roach in his truck. Roach admitted selling methamphetamine.

The State charged Roach with nine counts: Count 1: Class A felony dealing in methamphetamine (three grams or more), Count 2: Class B felony dealing in cocaine, Count 3: Class C felony possession of methamphetamine (while possessing a firearm), Count 4: Class C felony possession of chemical reagents or precursors with intent to manufacture controlled substances (while possessing a firearm), Count 5: Class D felony possession of a controlled substance, Count 6: Class D felony maintaining a common nuisance, Count 7: Class A misdemeanor taking a minor into a common nuisance, Count 8: Class A misdemeanor possession of marijuana, and Count 9: Class B misdemeanor

2

unlawful use of a police radio. Roach and the State entered into a plea agreement whereby Roach pled guilty to Amended Count 1: dealing in methamphetamine as a Class B felony. In exchange, the State dismissed the remaining eight charges. Sentencing was left to the trial court's discretion.

A sentencing hearing was held. Six people, including four family members, testified on Roach's behalf, but Roach did not testify. Evidence was presented that Roach had four prior convictions, all misdemeanors from Kentucky. The trial court sentenced Roach to the advisory term of ten years, all executed. The court explained:

> I'm going to find that there were firearms in possession at the time of the arrest, firearms in possession specifically when he was dealing in methamphetamine. However, the Court will note that the State did not pursue this charge. I'm going to show that he does have a history of [criminal] behavior, however minor. The Court is going to note that he's been on probation before and he has continued to reoffend. He came into our County. He came into our State to deal in methamphetamine. He had a juvenile girl in the car when he was arrested. He profited from another's addiction. He does not believe he has a drug problem, says that he only used the meth whenever he was selling, and in fact in his PSI he denies alcohol or drug dependency. He stated in his PSI that he has no significant debt and lived rent-free with his mother so this was for his pure profit. I believe he is remorseful for this act, however, I believe he is remorseful because he got caught.

Tr. p. 67-68. Roach now appeals his sentence.

### Discussion and Decision

Roach contends that his ten-year sentence is inappropriate "[c]onsidering his character." Appellant's Br. p. 4. He therefore asks us to "reduce the executed portion of his sentence." *Id.* at 7; *see also id.* at 3 ("A short amount of prison time, coupled with a lengthy probation period, would be a more appropriate sentence in this case.").

3

Our rules authorize revision of a sentence "if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." Ind. Appellate Rule 7(B). "[A] defendant must persuade the appellate court that his or her sentence has met this inappropriateness standard of review." *Childress v. State*, 848 N.E.2d 1073, 1080 (Ind. 2006).

The principal role of Rule 7(B) review "should be to attempt to leaven the outliers, and identify some guiding principles for trial courts and those charged with improvement of the sentencing statutes, but not to achieve a perceived 'correct' result in each case." *Cardwell v. State*, 895 N.E.2d 1219, 1225 (Ind. 2008). Whether a sentence is inappropriate ultimately turns on the culpability of the defendant, the severity of the crime, the damage done to others, and a myriad of other factors that come to light in a given case. *Id.* at 1224. The question under Rule 7(B) is not whether another sentence is more appropriate; rather, the question is whether the sentence imposed is inappropriate. *King v. State*, 894 N.E.2d 265, 268 (Ind. Ct. App. 2008).

A person who commits a Class B felony shall be imprisoned for a fixed term between six and twenty years, with the advisory sentence being ten years. Ind. Code § 35-50-2-5. Here, the trial court sentenced Roach to the advisory term.

Roach argues that his sentence is inappropriate based on his character alone. However, when deciding whether to revise a sentence, we must also consider the nature of the offense.

We start with Roach's character. Roach points out that six people, including his parents and two sisters, traveled from Kentucky to testify at his sentencing hearing. They

4

generally testified that selling drugs was out of character for Roach and that he would respond well to probation. As for their favorable testimony, we note that the trial court observed the testimony firsthand and was in the best position to evaluate the appropriate weight to give it. In addition, some of Roach's supporters speculated that Roach began selling drugs after he was laid off in 2009 in order to support his young son. Although Roach did not testify at his sentencing hearing, Roach's PSI provides his version of the offense as follows:

> I was running short on money. Paying $100 per week on child support. Things to get for my place to live and selling dope was a way to make money. If I can get out on probation I'll stay out of it and never touch drugs again.

PSI p. 4. Roach admits that this does not excuse his behavior but that "it does explain his actions." Appellant's Br. p. 6. Selling drugs to support your child is not acceptable by any standard.

It is true that Roach's four prior convictions are all misdemeanors. He was convicted of spotlighting a deer in 2003, theft in 2004, and two counts of criminal mischief in 2004—all in separate Kentucky cause numbers. For the last three convictions, Roach received no jail time but rather was sentenced to probation. Although Roach's criminal history is not particularly significant and occurred several years before the instant offense, it does show an escalation of criminal activity despite his previous chances with probation. Finally, we recognize that Roach pled guilty; however, he received a significant benefit in that eight charges were dismissed. While Roach does have some redeeming aspects to his character, they do not warrant revising his sentence, especially when viewed alongside the nature of this offense.

5

The nature of the offense is that Roach possessed a large amount of methamphetamine with intent to deliver. In fact, police learned that Roach, who traveled from Kentucky, sold methamphetamine to Crowley in Indiana earlier that day. When apprehended, Roach admitted selling methamphetamine. And in his PSI, Roach said that he sold drugs because he was short on money and selling drugs was a way to make money. In addition, this was not a run-of-the-mill drug arrest. Inside the car police found not only large amounts of methamphetamine but also three guns and a minor girl. The nature of the offense does not warrant a revision of Roach's sentence.

Finally, Roach argues that his case is similar to *Westlake v. State*, 893 N.E.2d 769 (Ind. Ct. App. 2008). In *Westlake*, the defendant pled guilty to Class B felony dealing in cocaine and Class C felony neglect of a dependent. The trial court accepted the plea agreement, found Westlake guilty but mentally ill, and sentenced her to an aggregate term of fourteen years with three years suspended to community corrections and one year suspended to probation. In revising the defendant's sentence to an aggregate term of seven years with two years suspended to probation and the five years served in community corrections, this Court found, among other things, that (1) Westlake's character "is unusually and extraordinarily mitigating," (2) "[e]xtremely significant is the trial court's decision to find Westlake guilty but mentally ill," and (3) this case involved "extremely unusual facts and circumstances," including her comprehensive response to treatment and "stellar success in Tippecanoe County's excellent pre-conviction program." *Id.* at 772. These unusual circumstances are simply not present in this case.

Roach has failed to persuade us that his advisory sentence of ten years executed is inappropriate.

Affirmed.

ROBB, C.J., and NAJAM, J., concur.