## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Jan 26 2015, 9:38 am

*Kevin S. Smith*

**CLERK**
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT

Jeffrey D. Stonebraker
Clark County Chief Public Defender
Jeffersonville, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Graham T. Youngs
Deputy Attorney General
Indianapolis, Indiana

# I N T H E
# COURT OF APPEALS OF INDIANA

Ralph Hughett,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff*

January 26, 2015

Court of Appeals Cause No.
10A05-1406-CR-280

Appeal from the Clark Circuit Court
The Honorable Vicki L. Carmichael,
Judge
Cause No. 10C04-0910-FA-307

**Crone, Judge.**

# Case Summary

Ralph Hughett appeals the fifty-year sentence imposed by the trial court following his guilty plea to one count of class A felony child molesting and one count of class C felony child molesting. Hughett molested two of his granddaughters. He claims that his sentence is inappropriate in light of the nature of his offenses and his character. Finding that Hughett has not met his burden to demonstrate that his sentence is inappropriate, we affirm.

# Facts and Procedural History

Hughett fondled, touched, and had sexual intercourse with his granddaughter V.P. on multiple occasions beginning in 2000, when she was five years old, and continuing until 2009 when she was fourteen years old. The molestations of V.P. occurred both in Indiana and in Illinois. Also, on one occasion between 2001 and 2002, Hughett touched his other granddaughter A.P. on her vagina under her clothes when she was five years old.

The State charged Hughett with five counts of class A felony child molesting and five counts of class C felony child molesting regarding victim V.P. The State also charged Hughett with one count of class C felony child molesting regarding victim A.P. On March 10, 2014, Hughett pled guilty to one count of class A felony child molesting regarding V.P. and one count of class C felony child molesting regarding A.P. The plea agreement provided for concurrent sentences. Following a hearing, the trial court sentenced Hughett to fifty years on the class A felony count and eight years on the class C felony count, to be

served concurrently, for an aggregate sentence of fifty years.[1]  This appeal ensued.

## Discussion and Decision

[4]     Hughett invites this Court to reduce his fifty-year sentence pursuant to Indiana Appellate Rule 7(B), which provides that we may revise a sentence authorized by statute if, after due consideration of the trial court's decision, we find that the sentence "is inappropriate in light of the nature of the offense and the character of the offender."  The defendant bears the burden to persuade this Court that his or her sentence is inappropriate. *Childress v. State*, 848 N.E.2d 1073, 1080 (Ind. 2006).  "[W]hether we regard a sentence as appropriate at the end of the day turns on our sense of the culpability of the defendant, the severity of the crime, the damage done to others, and myriad other factors that come to light in a given case." *Cardwell v. State*, 895 N.E.2d 1219, 1224 (Ind. 2008).  We recognize that the "principal role of appellate review should be to attempt to leaven the outliers and to identify some guiding principles for trial courts and those charged with improvement of the sentencing statutes, but not to achieve a

---

[1] Pursuant to the plea agreement, the trial court ordered Hughett's fifty-year aggregate sentence to be served consecutive to the eight-year sentence Hughett is currently serving in Illinois for a prior conviction for predatory criminal sexual assault also involving victim V.P.

perceived 'correct' result in each case." *Id.* at 1225. Indeed, "[t]he question under Appellate Rule 7(B) is not whether another sentence is *more* appropriate: rather, the question is whether the sentence imposed is inappropriate." *King v. State*, 894 N.E.2d 265, 268 (Ind. Ct. App. 2008).

[5] The sentencing range for a class A felony is between twenty and fifty years with the advisory sentence being thirty years. Ind. Code § 35-50-2-4. The sentencing range for a class C felony is between two and eight years with the advisory sentence being four years. Ind. Code § 35-50-2-6. The trial court imposed the maximum sentence on each offense, to be served concurrently, for an aggregate sentence of fifty years. Hughett believes that this sentence is an outlier. We disagree.

[6] As for the nature of his offenses, Hughett fondled, touched, and had sexual intercourse with his granddaughter V.P. on multiple occasions beginning when she was just five years old and continuing until she was fourteen years old. He threatened V.P. by telling her that if she told anyone what was happening "he couldn't be [her] papaw anymore." Tr. at 31. V.P. was afraid to reveal the molestations because her "mamaw" had passed away and Hughett was the only parent V.P.'s mom had left. *Id.* On at least one occasion, Hughett also touched his other granddaughter A.P.'s buttocks and her vagina inside her clothing. A.P. was only five years old at the time. Hughett attempts to minimize the heinousness of these offenses by arguing that he never threatened his victims with physical harm in order to perpetrate his crimes. We consider his use of emotional control and psychological abuse to be just as reprehensible under the

circumstances. These crimes involved the continued abuse of the position of trust between a grandfather and his young grandchildren. The nature of the offenses does not warrant a sentence reduction.

[7] As for his character, Hughett argues that his guilty plea should reflect positively on his character because he spared his victims the trauma of a trial. However, we cannot ignore the immense benefit Hughett received in exchange for his plea, as he gained the dismissal of nine additional felony counts and the guaranteed imposition of concurrent sentences. Hughett's guilty plea was clearly a pragmatic decision that is not necessarily a reflection of good character. Moreover, Hughett's criminal history reflects negatively on his character. *See Rutherford v. State*, 866 N.E.2d 867, 874 (Ind. Ct. App. 2007) (when considering the character of the offender, one relevant fact is the defendant's criminal history). As specifically noted by the trial court, Hughett was previously convicted of the predatory criminal sexual assault of V.P. in Illinois and, at the time of sentencing, was still serving an eight-year-sentence for that crime. In sum, Hughett has not met his burden to demonstrate that his fifty-year sentence is inappropriate in light of the nature of his offenses or his character, and we decline his invitation for sentence reduction.

[8] Affirmed.

FRIEDLANDER, J., and KIRSCH, J., concur.