## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jul 08 2015, 7:46 am

*Kevin S. Smith*

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT

Chad A. Montgomery
Montgomery Law Office
Lafayette, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Kelly A. Miklos
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Christopher J. Wilson, <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff.* | July 8, 2015 <br><br> Court of Appeals Case No. <br> 79A02-1411-CR-791 <br><br> Appeal from the <br> Tippecanoe Superior Court <br><br> The Honorable Randy J. Williams, <br> Judge <br><br> Cause No. 79D01-1405-FB-10 |

**Kirsch, Judge.**

Christopher J. Wilson pleaded guilty to sexual misconduct with a minor[1] as a Class B felony and was sentenced to thirteen years with nine years executed and four years suspended to probation. He appeals his sentence raising the following issue for our review: whether his sentence is inappropriate in light of the nature of the offense and the character of the offender.

We affirm.

## Facts and Procedural History

On Easter Sunday, April 20, 2014, Wilson was at the home of his girlfriend for a birthday party for her fifteen-year-old daughter, S.A. Wilson attended the birthday party with the intention of drinking alcohol and smoking marijuana. Wilson knew S.A. and was aware she was fifteen at the time. During the party, Wilson repeatedly approached S.A. and asked her to give him oral sex. S.A. refused several times. Wilson continued to ask S.A., and she eventually acquiesced to Wilson's repeated demands. At that time, S.A. placed her mouth on Wilson's penis, and Wilson received oral sex from S.A. S.A. did not like what happened and did not want to ever see or speak to Wilson again.

S.A.'s grandmother walked into the room and discovered Wilson and S.A. together. After discovering Wilson and S.A., the grandmother kicked Wilson

---

[1] *See* Ind. Code § 35-42-4-9(a)(1). We note that, effective July 1, 2014, a new version of this criminal statute was enacted. Because Wilson committed his crime prior to July 1, 2014, we will apply the statute in effect at the time he committed his crime.

out of the house. Sometime after this date, Wilson sent S.A. Facebook messages telling her that "her mouth felt good" and that he "would have taken her virginity if she had let him." *Appellant's App*. at 7.

[5] The State charged Wilson with sexual misconduct with a minor as a Class B felony. Wilson agreed to plead guilty as charged in exchange for the State not filing a petition to revoke his probation, as he was on probation at the time he committed the instant offense. The State also agreed that Wilson's executed sentence would be between six and ten years. At the sentencing hearing, the trial court found as aggravating circumstances Wilson's criminal history, that previous attempts at rehabilitation have failed, and Wilson's history of substance abuse. It also found as mitigating circumstances that Wilson pleaded guilty, that he has family support, and that he had taken advantage of programs offered in jail. The trial court found that the aggravating factors outweighed the mitigating factors and sentenced Wilson to thirteen years with nine years executed and four years suspended to probation with the first year of probation to be served through community corrections. Wilson now appeals.

## Discussion and Decision

[6] Under Indiana Appellate Rule 7(B), "we may revise any sentence authorized by statute if we deem it to be inappropriate in light of the nature of the offense and the character of the offender." *Corbally v. State*, 5 N.E.3d 463, 471 (Ind. Ct. App. 2014). The question under Appellate Rule 7(B) is not whether another sentence is *more* appropriate; rather, the question is whether the sentence

imposed is inappropriate. *King v. State,* 894 N.E.2d 265, 268 (Ind. Ct. App. 2008). It is the defendant's burden on appeal to persuade the reviewing court that the sentence imposed by the trial court is inappropriate. *Chappell v. State,* 966 N.E.2d 124, 133 (Ind. Ct. App. 2012), *trans. denied.*

[7] Wilson argues that his sentence is inappropriate in light of the nature of the offense and the character of the offender. However, interspersed in Wilson's argument are contentions regarding the trial court's finding of aggravating circumstances and mitigating circumstances. It appears that he is arguing that some of the aggravators and mitigators were found in error, although he never asserts that the trial court abused its discretion in sentencing him. Our Supreme Court has made clear that inappropriate sentence and abuse of discretion claims are to be analyzed separately. *Anglemyer v. State*, 868 N.E.2d 482, 491 (Ind. 2007), *clarified on reh'g*, 875 N.E.2d 218 (Ind. 2007). We, therefore, take this opportunity to clarify again that an inappropriate sentence analysis does not involve an argument that the trial court abused its discretion in sentencing the defendant.

[8] As to the nature of the offense, Wilson, while attending the birthday party of his girlfriend's fifteen-year-old daughter, repeatedly asked S.A. to perform oral sex on him. S.A. eventually acquiesced, and Wilson assaulted her in her own home by placing his penis in S.A.'s mouth. After this occurred, S.A. did not want to see or speak to Wilson again, but he began sending her messages on Facebook, telling her that "her mouth felt good" and that he "would have taken her virginity if she had let him." *Appellant's App*. at 7.

[9] As to Wilson's character, although he was only twenty-two at the time of sentencing, he had an extensive criminal history. Wilson had numerous adjudications as a juvenile, which included possession of controlled substance, which would have been a Class D felony if committed by an adult, auto theft, being a runaway, and two counts of escape. As a juvenile, Wilson cut off his electronic monitoring bracelet when on home detention awaiting disposition in an adjudication. As an adult, Wilson's criminal history consisted of a conviction for robbery, two convictions for criminal conversion, and a conviction for possession of paraphernalia. Wilson's probation had been revoked at least three times as an adult, and he had failed to successfully complete probation in any of his previous cases. He was also on probation at the time he committed the instant offense. We do not find Wilson's thirteen-year sentence, with nine years executed and four years suspended to probation for Class B felony sexual misconduct with a minor to be inappropriate in light of the nature of the offense and the character of the defendant.

[10] Affirmed.

Vaidik, C.J., and Bradford, J., concur.