## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED
Oct 14 2015, 8:31 am
CLERK
of the supreme court,
court of appeals and
tax court

| ATTORNEY FOR APPELLANT | ATTORNEYS FOR APPELLEE |
|---|---|
| Mark A. Bates<br>Appellate Public Defender<br>Lake County Public Defender<br>Crown Point, Indiana | Gregory F. Zoeller<br>Attorney General of Indiana<br><br>Richard C. Webster<br>Deputy Attorney General<br>Indianapolis, Indiana |

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Matthew Marcus II,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff.* | October 14, 2015<br><br>Court of Appeals Case No.<br>45A03-1407-CR-230<br><br>Appeal from the Lake Superior Court<br><br>The Honorable Clarence D. Murray, Judge<br><br>Trial Court Cause No.<br>45G02-1011-MR-15 |

**Kirsch, Judge.**

[1] Matthew Marcus II pleaded guilty to voluntary manslaughter,[1] a Class A felony, and was sentenced to thirty-five years executed. He appeals and raises the following restated issue for our review: whether his sentence was inappropriate in light of the nature of the offense and the character of the offender.

[2] We affirm.

## Facts and Procedural History

[3] The stipulated facts of the crime establish that, on November 8, 2010, Marcus was a guest of the victim, Tishwanda Reynolds, at her residence located in Lake County, Indiana. Marcus attempted to initiate sexual contact with Reynolds, but she refused his advances. Marcus became angry and strangled her with his belt and his hands, which caused Reynolds's death.

[4] The State charged Marcus with murder and later amended the information to add an additional count of voluntary manslaughter. Marcus and the State entered into a plea agreement, in which Marcus would plead guilty to Class A felony voluntary manslaughter, and the State would dismiss the murder charge. The parties agreed that each party would be free to argue their respective positions as to the sentence to be imposed, and the sentence was to be capped at a term of thirty-five years. At the guilty plea hearing, Marcus entered a plea of

---

[1] *See* Ind. Code § 35-42-1-3.

guilty to voluntary manslaughter as a Class A felony, and the stipulated facts were accepted as the factual basis for the plea. The trial court accepted the plea agreement.

[5] At sentencing, Marcus's father and his aunt testified on his behalf. Reynolds's mother, sister, and cousin testified regarding the impact they had experienced based on Marcus's killing of Reynolds. Marcus argued as mitigating factors that he had no criminal history, he was remorseful, the crime was the result of a situation unlikely to reoccur, he pleaded guilty and cooperated with the police, and he called 911 to report his crime. The State argued as aggravating factors that the crime was brutal in nature as Marcus used both his belt and hands to strangle the victim, the killing occurred in front of Reynolds's infant son, and after the killing, Marcus did not immediately call 911, but rather, called his family members in Indianapolis.

[6] The trial court found as mitigating factors that Marcus had no criminal history, he admitted his guilt by pleading guilty and saved the time and expense of a trial, and he expressed remorse for his crime. The trial court found as aggravating factors the nature and circumstances of the crime, characterizing the crime to be cold-blooded and ruthless. The trial court then sentenced Marcus to thirty-five years executed in the Department of Correction. Marcus now appeals.

# Discussion and Decision

[7] Marcus argues his sentence is inappropriate. Under Indiana Appellate Rule 7(B), "we may revise any sentence authorized by statute if we deem it to be inappropriate in light of the nature of the offense and the character of the offender." *Corbally v. State*, 5 N.E.3d 463, 471 (Ind. Ct. App. 2014). The question under Appellate Rule 7(B) is not whether another sentence is *more* appropriate; rather, the question is whether the sentence imposed is inappropriate. *King v. State,* 894 N.E.2d 265, 268 (Ind. Ct. App. 2008). It is the defendant's burden on appeal to persuade the reviewing court that the sentence imposed by the trial court is inappropriate. *Chappell v. State,* 966 N.E.2d 124, 133 (Ind. Ct. App. 2012), *trans. denied.*

[8] Indiana's flexible sentencing scheme allows trial courts to tailor an appropriate sentence to the circumstances presented, and the trial court's judgment "should receive considerable deference." *Cardwell v. State,* 895 N.E.2d 1219, 1222 (Ind. 2008). The principal role of appellate review is to attempt to "leaven the outliers." *Id.* at 1225. Whether we regard a sentence as inappropriate at the end of the day turns on "our sense of the culpability of the defendant, the severity of the crime, the damage done to others, and myriad other facts that come to light in a given case." *Id.* at 1224.

[9] Marcus pleaded guilty to voluntary manslaughter as a Class A felony. A person who commits a Class A felony shall be imprisoned for a fixed term of between twenty and fifty years, with the advisory sentence being thirty years. Ind. Code

§ 35-50-2-4. Here, pursuant to the plea agreement between Marcus and the State, Marcus agreed that his possible sentenced would be capped at thirty-five years. At sentencing, the trial court imposed the cap of thirty-five years as Marcus's sentence.

[10] As to the nature of the offense, Marcus contends that his sentence is inappropriate because the nature of the killing did not warrant the sentence imposed as his ability to reason was "obscured," and he was not capable of "acting deliberately."[2] *Appellant's Br*. at 9. Here, the nature of the offense is that Marcus killed Reynolds in her home, where he was a guest, and in the presence of her infant son. Marcus strangled Reynolds with his belt and with his hands because she refused him when he tried to initiate sex with her. Choking Reynolds with both his belt and his hands was more than was necessary to complete the crime and demonstrates the brutality involved in the crime. This was a crime that did not happen in an instant and required significant force to

---

[2] We note that, although not argued as an abuse of discretion, Marcus's argument is interspersed with contentions that the trial court found an "inappropriate aggravator" when it referred to the nature of the offense as "cold blooded" and "ruthless." *Appellant's Br*. at 8, 9, 10. As our Supreme Court has made clear, inappropriate sentence and abuse of discretion claims are to be analyzed separately. *See Anglemyer v. State,* 868 N.E.2d 482, 491 (Ind. 2007), *clarified on reh'g,* 875 N.E.2d 218 (Ind. 2007). We, therefore, take this opportunity to, again, clarify that an inappropriate sentence analysis does not involve an argument that the trial court abused its discretion in sentencing the defendant. *King v. State*, 894 N.E.2d 265, 267 (Ind. Ct. App. 2008). An abuse of discretion at sentencing occurs when the trial court "fails to enter a sentencing statement . . . enters a sentencing statement that explains reasons for imposing a sentence but the record does not support the reasons, or the sentencing statement omits reasons that are clearly supported by the record and advanced for consideration, or the reasons given are improper as a matter of law." *Anglemyer,* 868 N.E.2d at 490.

accomplish. We, therefore, conclude that the nature of the offense does not establish that Marcus's sentence was inappropriate.

[11] As to his character, the evidence showed that Marcus did not have a prior criminal history, that he pleaded guilty, and that he showed remorse for his crime. However, the fact that, when Reynolds refused to have sex with him, Marcus became so angry that he strangled her to death demonstrates poor character on Marcus's behalf. We conclude that Marcus's character does not show that his sentence is inappropriate, especially in light of the fact that in order to demonstrate that his sentence is inappropriate, Marcus was required to establish that his sentence is inappropriate in light of *both* the nature of the offense and the character of the offender. *See Williams v. State,* 891 N.E.2d 621, 633 (Ind. Ct. App. 2008) ("revision of a sentence under Indiana Appellate Rule 7(B) requires the appellant to demonstrate that his sentence is inappropriate in light of *both* the nature of his offenses and his character") (emphasis in original). We do not find Marcus's sentence to be inappropriate in light of both the nature of the offense and his character.

[12] Affirmed.

Najam, J., and Barnes, J., concur.