David KING, Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 49A02–0802–CR–162.

Court of Appeals of Indiana.

Oct. 3, 2008.

Kevin Wild, Indianapolis, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Gary Damon Secrest, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

VAIDIK, Judge.

### Case Summary

David King appeals his six-year sentence to be served in the Department of Correction for Class B felony dealing in cocaine. Specifically, he contends that his sentence is inappropriate because it does not contain a mental health component. Because King's inappropriate sentence analysis contains references to the abuse of discretion standard, we take this opportunity to clarify that inappropriate sentence claims and abuse of discretion claims are to be analyzed separately. Concluding that King's sentence is not inappropriate, we affirm.

### Facts and Procedural History

On June 8, 2007, the State charged King with Class A felony dealing in cocaine, Class C felony possession of cocaine, and Class A misdemeanor driving while suspended. At a January 2008 guilty plea hearing, King pled guilty to dealing in cocaine as a Class B felony (instead of a Class A felony), and the State agreed to dismiss the remaining charges and make the following recommendation at sentencing: "six (6) years executed, placement open to argument by the parties." Appellant's App. p. 35. The State then presented the following factual basis: "[O]n June 7, 2007 at approximately ... 10:15 in the evening, Officer Michael Wright and Officer Allen Nelson stopped the Defendant David King and David King did knowingly possess, with[ ] intent to deliver, cocaine in Marion County." Tr. p. 7. The trial court accepted King's guilty plea and entered judgment of conviction.

At the sentencing hearing, King made a brief statement to the trial court asking "for mercy" so he could "get out" and be with his family. Id. at 12. He made no reference to his mental illness. King's trial counsel then said:

Judge, I'm not going to ask the Court for home detention or work release, anything like that. I don't think that really would be a benefit to Mr. King for the length of time. The only thing I'd ask the Court to consider is placement with

a mental health component and I'm asking that based on factors in the pre-sentence report.

*Id.* Counsel noted that King had been diagnosed with multiple personality disorder and was bi-polar and schizophrenic. The following exchange then occurred:

THE COURT: And correct me if I'm wrong, but the pre-sentence report, the medical director at CCA indicates that he doesn't have multiple personality disorder; is that right? It's a self-report, that he says he—

[DEFENSE COUNSEL]: You know, I'm mistaken, Judge, I think you're correct.

THE COURT: That's a rather rare diagnosis, multiple personality disorder.

* * * * * *

THE COURT: So his diagnosis, at least according to CCA, is schizo affective disorder?

[DEFENSE COUNSEL]: That's correct, Judge.

THE COURT: And not to say that's not serious. But again, multiple personality disorder is somewhat rare.

*Id.* at 5. The State then argued that based on King's criminal history, the previous revocation of his probation, and the fact that the PSI reveals that King has been receiving his medication while in jail, his six years should be served in the Department of Correction because "any mental treatment and mental health medications can be received" there. *Id.* at 6. The trial court, noting that it had "considered the arguments of both sides on the issue of placement," sentenced King to six years to be served in the Department of Correction. *Id.* King now appeals.

### Discussion and Decision

■ King contends that his sentence is inappropriate pursuant to Indiana Appellate Rule 7(B) because it does not "include

any sort of mental health component." Appellant's Br. p. 7. However, interspersed within King's inappropriate sentence argument are references to the abuse of discretion standard. *See id.* at 6, 7. We are troubled by this. As our Supreme Court has made clear, inappropriate sentence and abuse of discretion claims are to be analyzed separately. *See Anglemyer v. State,* 868 N.E.2d 482, 491 (Ind.2007), *clarified on reh'g,* 875 N.E.2d 218 (Ind. 2007). Not for publication opinions reveal that other practitioners are making this same mistake. We therefore take this opportunity to clarify that an inappropriate sentence analysis does not involve an argument that the trial court abused its discretion in sentencing the defendant.

■ Although a trial court may have acted within its lawful discretion in imposing a sentence, Article VII, Sections 4 and 6 of the Indiana Constitution authorize independent appellate review and revision of sentences through Appellate Rule 7(B), which provides that a court "may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." *Reid v. State,* 876 N.E.2d 1114, 1116 (Ind. 2007) (citing *Anglemyer,* 868 N.E.2d at 491). The defendant has the burden of persuading us that his sentence is inappropriate. *Id.* (citing *Childress v. State,* 848 N.E.2d 1073, 1080 (Ind.2006)).

■ The location where a sentence is to be served is an appropriate focus for application of our review and revise authority. *Biddinger v. State,* 868 N.E.2d 407, 414 (Ind.2007). It is not, however, subject to review for abuse of discretion. *See id.* Nonetheless, we note that it will be quite difficult for a defendant to prevail on a claim that the placement of his sentence is inappropriate. *Fonner v. State,* 876 N.E.2d 340, 343 (Ind.Ct.App.2007).

This is because the question under Appellate Rule 7(B) is not whether another sentence is *more* appropriate; rather, the question is whether the sentence imposed is inappropriate. *Id.* at 344. A defendant challenging the placement of a sentence must convince us that the given placement is itself inappropriate. *Id.* As a practical matter, trial courts know the feasibility of alternative placements in particular counties or communities. *Id.* at 343. For example, a court is aware of the availability, costs, and entrance requirements of community corrections placements in a specific locale. *Id.* at 343–44.

Here, King merely alleges that he should have been allowed to serve his time in "Community Corrections" or "at least been given the benefit of the mental health evaluation and treatment he clearly needs." Appellant's Br. p. 7. King, however, does not specify that treatment. King does not even allege that placement in the Department in Correction would make his treatment unsuccessful or impractical. At the sentencing hearing, King's trial counsel presented no evidence regarding what type of treatment he allegedly needs. King's counsel was even confused about King's diagnosis. King's counsel then requested "placement with a mental health component" but did not specify that component. In addition, the PSI reveals that King was receiving medication in jail while awaiting sentencing in this case. Given this evidence, King has failed to persuade us that his placement in the Department of Correction is inappropriate.

Affirmed.

KIRSCH, J., and CRONE, J., concur.