**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Apr 30 2014, 9:39 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**BRUCE W. GRAHAM**
Graham Law Firm P.C.
Lafayette, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**RICHARD C. WEBSTER**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| HEATH BURGESS, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 79A02-1309-CR-754 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE TIPPECANOE SUPERIOR COURT
The Honorable Michael A. Morrissey, Judge
Cause No. 79D06-1207-FD-168

**April 30, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**FRIEDLANDER, Judge**

After pleading guilty to class A misdemeanor Operating a Vehicle While Intoxicated[1] and admitting to being a Habitual Substance Offender,[2] Heath Burgess was sentenced to five years in the Tippecanoe County Jail with one year suspended. Burgess now appeals and argues that his sentence is inappropriate in light of the nature of the offense and his character.

We affirm.

On the evening of July 23, 2012, Burgess was driving with a blood-alcohol content of approximately .196. Burgess was so intoxicated that he somehow fell out of his vehicle near an intersection, but his car kept moving and struck a mailbox and another vehicle. As a result of these and other events, the State charged Burgess with multiple counts, including operating a vehicle while intoxicated, driving while suspended, battery by bodily waste, and disorderly conduct. The State also alleged that Burgess was a habitual offender and a habitual substance offender. On January 2, 2013, Burgess entered into a plea agreement whereby he would plead guilty to one count of class A misdemeanor operating a vehicle while intoxicated and admit to his habitual substance offender status in return for the dismissal of the remaining counts and the habitual offender allegation. Additionally, his sentence would be capped at six years

On May 8, 2013, the trial court sentenced Burgess to one year for the operating while intoxicated offense, enhanced by four years based on his habitual substance offender status, with one year suspended to probation. Thus, Burgess received an aggregate sentence of four

---

[1] Ind. Code Ann. § 9-30-5-2 (West, Westlaw current with all 2013 legislation).
[2] Ind. Code Ann. § 30-50-2-10 (West, Westlaw current with all 2013 legislation).

years executed in the Tippecanoe County Jail and one year suspended. At the sentencing hearing, the trial court noted that Burgess owed Tippecanoe County Community Corrections nearly $2,500 in back fees, and the arrearage would prevent Burgess's placement in community corrections even if it was inclined to order such a placement.[3] Nevertheless, the trial court stated that after Burgess served one year of his sentence in the Tippecanoe County Jail, it would consider a motion for Burgess to serve the remainder of the sentence in community corrections, contingent on Burgess's payment of his back fees and acceptance into the program. Burgess now appeals.

Burgess argues that his sentence is inappropriate in light of the nature of the offense and his character. Article 7, section 4 of the Indiana Constitution grants our Supreme Court the power to review and revise criminal sentences. Pursuant to App. R. 7, the Supreme Court has authorized this court to perform the same task. *Cardwell v. State*, 895 N.E.2d 1219 (Ind. 2008). Per App. R. 7(B), we may revise a sentence "if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." *Wilkes v. State*, 917 N.E.2d 675, 693 (Ind. 2009), *cert. denied*, 131 S.Ct. 414 (2010). Nevertheless, "we must and should exercise deference to a trial court's sentencing decision, both because Rule 7(B) requires us to give 'due consideration' to that decision and because we understand and recognize the unique

---

[3] On the same date as Burgess's sentencing hearing, the trial court entered a written sentencing order that did not reflect the sentence announced at the hearing. Specifically, the written order directed that Burgess was to serve his sentence in Tippecanoe County Community Corrections. Several months later, the trial court entered a written order correcting its previous sentencing order to reflect its oral sentencing statement. Burgess subsequently sought, and was granted, permission to file a belated notice of appeal.

3

perspective a trial court brings to its sentencing decisions." *Stewart v. State*, 866 N.E.2d 858, 866 (Ind. Ct. App. 2007).

In this case, Burgess does not challenge the length of his sentence. Rather, he challenges his placement in the county jail, arguing that he should instead have been placed in community corrections. This court has noted that "it will be quite difficult for a defendant to prevail on a claim that the placement of his sentence is inappropriate." *King v. State*, 894 N.E.2d 265, 267 (Ind. Ct. App. 2008). This is so because a defendant challenging the placement of his sentence must convince us not that another placement would be more appropriate, but that his given placement is inappropriate. *King v. State*, 894 N.E.2d 265. Moreover, we acknowledge that as a practical matter, trial courts are familiar with alternative placements and are aware of the availability, costs, and entrance requirements of community corrections placements in their jurisdictions. *Id.*

Burgess has not carried his burden of convincing us that his placement in the Tippecanoe County Jail is inappropriate. The trial court noted that even if it was inclined to place Burgess in community corrections, Burgess was ineligible for the program because he owed nearly $2,500 in back fees from previous placements. Thus, placement in community corrections was simply not an option for Burgess. Burgess argues that his placement "ought not be dependent on economic issues." *Appellant's Brief* at 9. Burgess does not, however, make any argument that the trial court had the authority to compel Tippecanoe County Community Corrections to accept Burgess into its program notwithstanding his arrearage.

Moreover, even if Burgess was eligible for community corrections, he has not

4

established that placement in the county jail was inappropriate. Burgess notes that because he was convicted of a misdemeanor, which was enhanced based on his habitual substance offender status, he is faced with the somewhat unusual circumstance of serving a relatively lengthy sentence in a county jail rather than the Department of Correction. *See* Ind. Code Ann. § 35-38-3-3 (West, Westlaw current with all 2013 legislation) (providing that a person convicted of a misdemeanor may not be committed to the Department of Correction except in certain limited circumstances). According to Burgess, "[a]necdotal evidence, and common sense, would dictate that service of that length of a sentence in a county jail would constitute a harsher punishment, [sic] than service of four years in the Indiana Department of Corrections." *Appellant's Brief* at 7-8. Even assuming the accuracy of this assertion, we remain unconvinced that Burgess's placement is inappropriate.

Considering the nature of the offense, we note that Burgess was driving with a blood-alcohol content of .196, and that he was so intoxicated that he fell out of his vehicle. The vehicle kept moving, causing property damage. Considering the character of the offender, we note that Burgess's lengthy criminal history includes two prior convictions for operating a vehicle while intoxicated and multiple drug- and alcohol-related misdemeanors. Burgess also has felony convictions for resisting law enforcement, auto theft, and theft, and he was previously found to be a habitual offender. While out on bond in this case, Burgess was convicted of class C felony carrying a handgun without a license. Burgess points out that he accepted responsibility for his crimes by pleading guilty, but the mitigating weight of his guilty plea is tempered by the fact that multiple charges were dismissed as part of the plea

5

agreement.  Finally, and perhaps most importantly in this case, the record establishes that Burgess has not fared well when offered alternatives to incarceration.  Burgess has a long history of violating the conditions of probation, home detention, and work release, and he has also failed to appear numerous times.  For all of these reasons, we cannot conclude that Burgess's placement in county jail rather than community corrections is inappropriate.

Judgment affirmed.

MATHIAS, J., and PYLE, J., concur.