## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**
Jun 29 2015, 9:08 am

*Kevin S. Smith*

**CLERK**
of the supreme court, court of appeals and tax court

---

ATTORNEY FOR APPELLANT

John Andrew Goodridge
Evansville, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Tyler G. Banks
Deputy Attorney General
Indianapolis, Indiana

---

# IN THE
# COURT OF APPEALS OF INDIANA

---

Jack Raymond Wirth,

*Appellant-Defendant,*

*v.*

State of Indiana,

*Appellee-Plaintiff*

June 29, 2015

Court of Appeals Case No.
82A05-1411-CR-513

Appeal from the Vanderburgh Superior Court
The Honorable Robert J. Tornatta, Judge

Trial Court Cause No. 82D02-1402-FC-159

---

**Bradford, Judge.**

# Case Summary

[1]     Appellant-Defendant Jack Wirth, believing that Abdul Jihad had stolen from him and was attempting flight, found Jihad at a bus station and stabbed him

several times. Appellee-Plaintiff the State of Indiana ("the State") charged Wirth with Class C felony battery with a deadly weapon. A jury found Wirth guilty as charged and the trial court sentenced him to six years of incarceration. Wirth essentially contends that his mental illness renders his six-year sentence inappropriate. Because we conclude that Wirth has failed to establish that his sentence is inappropriate, we affirm.

## Facts and Procedural History

[2] On February 1, 2014, at approximately 8:00 a.m., Evansville Police Officer Blake Hollins responded to a theft report made by Wirth. Wirth told Officer Hollins that he had allowed two homeless persons to stay with him, he had told them to leave, and that he noticed that his passport, driver's license, and approximately twenty dollars had been taken. One of the individuals was Jihad.

[3] Later that day, Wirth found Jihad at the Greyhound bus station and, without warning, stabbed Jihad repeatedly in the neck and back while accusing Jihad of stealing from him. After Jihad denied that he had stolen anything from Wirth, Wirth apologized, handed the knife to Jihad, and said, "I'll pay you ten thousand dollars to forget about this." Tr. p. 43. As it happened, Officer Hollins responded to the scene. When Officer Hollins arrived, Wirth approached him and said, "You can take me now. I did it[.]" Tr. p. 8. Officer Hollins noticed Jihad was bleeding "profusely from his shirt and his front area[.]" Tr. p. 8.

[4]     On February 4, 2014, the State charged Wirth with Class C felony battery with a deadly weapon. After a trial on June 23, 2014, a jury found Wirth guilty as charged. Prior to sentencing, the trial court ordered a mental health evaluation be performed on Wirth. The Indiana Reception Diagnostic Center performed an evaluation and filed its report with the trial court.[1] The trial court noted that while the report indicated that Wirth was free of mental illness, this conclusion was inconsistent with its observations throughout the proceedings. On October 3, 2014, the trial court sentenced Wirth to six years of incarceration. Wirth contends that his six-year sentence is inappropriately harsh.

## Discussion and Decision

### Appropriateness of Sentence

[5]     We "may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." Ind. Appellate Rule 7(B). "Although appellate review of sentences must give due consideration to the trial court's sentence because of the special expertise of the trial bench in making sentencing decisions, Appellate Rule 7(B) is an authorization to revise sentences when certain broad conditions are satisfied."

---

[1] Wirth's mental health evaluation is not part of the record on appeal. Wirth's counsel indicates in Wirth's amended Appellant's Appendix that, despite meeting with the trial court and the Vanderburgh County Superior Court Probation Department, the mental health evaluation cannot be found and is not part of the Clerk's Record.

*Shouse v. State*, 849 N.E.2d 650, 660 (Ind. Ct. App. 2006), *trans. denied* (citations and quotation marks omitted). "The defendant has the burden of persuading us that his sentence is inappropriate." *King v. State*, 894 N.E.2d 265, 267 (Ind. Ct. App. 2008). As previously mentioned, the trial court sentenced Wirth to six years of incarceration for Class C battery with a deadly weapon. The sentencing range for a Class C felony is two to eight years, with an advisory of four years. Ind. Code § 35-50-2-5.

[6] The nature of Wirth's offense justifies an enhanced sentence. Wirth, apparently fearful that Jihad was attempting to flee after allegedly stealing from him, hunted Jihad down at the bus station and stabbed him repeatedly, without warning. The trial court noted that Wirth's crime was "one of the more serious Class C felonies I've been involved in [and that t]he facts of what happened would fit the next higher up crime which is Aggravated Battery" or perhaps even attempted murder. Tr. p. 87. Jihad's wounds were serious and could have been much more serious, with Wirth just missing his carotid artery. Overall, we agree with the trial court's assessment that the nature of Wirth's offense was "far more serious that your run-of-the-mill Class C felony[.]" Tr. p. 89.

[7] Wirth's character also justifies an enhanced sentence, albeit to perhaps a lesser extent that the nature of his offense. Wirth's criminal history is admittedly minor, with one prior conviction for Class A misdemeanor criminal trespass. That said, Wirth's lack of remorse is notable and does not speak well of his character. Wirth testified that his apology to Jihad after the attack was not sincere: "I wasn't really apologizing to him. I'm not sorry for what I did." Tr.

p. 67. Wirth reiterated at sentencing that "I can't really say I'm sorry for what I did at the time." Tr. p. 80.

[8] Wirth's argument that his sentence is inappropriate focuses on his mental health. Factors courts take into account when evaluating a claim of mental illness as it relates to sentencing include: "(1) the extent of the defendant's inability to control his or her behavior due to the disorder or impairment; (2) overall limitations on functioning; (3) the duration of the mental illness; and (4) the extent of any nexus between the disorder or impairment and the commission of the crime." *Weeks v. State*, 697 N.E.2d 28, 30 (Ind. 1998). As the State points out, however, Wirth points to very little evidence that any of the above four factors weigh in his favor. Significantly, Wirth points to no evidence at all (1) that his mental illness deprives him of control over his behavior, (2) regarding limitations on functioning, or (3) that his illness played any role whatsoever in his attack on Jihad. While there is some indication that Wirth received long-term treatment for mental illness in Massachusetts, this does not establish a connection between the illness and his brutal attack on Jihad. The burden is on Wirth to establish that his mental illness renders his sentence inappropriate, and we conclude that he has failed to carry that burden. *See King*, 894 N.E.2d at 267.

[9] The judgment of the trial court is affirmed.

Vaidik, C.J., and Kirsch, J., concur.