## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jul 08 2015, 7:54 am

*Kevin S. Smith*

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEYS FOR APPELLANT

Ruth Johnson
Suzy St. John
Marion County Public Defender Agency
Appellate Division
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Angela N. Sanchez
Karl Scharnberg
Deputy Attorneys General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Kenneth Cushingberry,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

July 8, 2015

Court of Appeals Case No.
49A02-1410-CR-724

Appeal from the
Marion Superior Court

The Honorable Amy M. Jones,
Judge

Cause No. 49G08-1407-CM-35506

**Kirsch, Judge.**

[1] Kenneth Cushingberry was convicted after a bench trial of theft[1] as a Class A misdemeanor and possession of marijuana[2] as a Class B misdemeanor and was sentenced to a one-year aggregate, executed sentence. He appeals and raises the following restated issue for our review: whether his sentence is inappropriate in light of the nature of the offense and the character of the offender.

[2] We affirm.

## Facts and Procedural History

[3] On July 14, 2014, Cushingberry was working at a Goodwill store in Indianapolis, Indiana. While at work that day, he went into his manager's office and asked for his work schedule. When the manager turned away from Cushingberry to make a copy of the schedule, Cushingberry took the cell phone off of the manager's desk and put it in his pocket. After noticing that his cell phone was missing, the manager looked at the video surveillance recording and observed that Cushingberry had taken the cell phone. The next day, the manager asked Cushingberry into his office to confront him about the cell phone. When the manager first asked, Cushingberry denied taking the cell phone. But after being told about the video surveillance of the office, Cushingberry admitted to taking the cell phone.

---

[1] *See* Ind. Code § 35-43-4-2(a).

[2] *See* Ind. Code § 35-48-4-11(a)(1).

The police were called, and when they arrived, they viewed the video surveillance recording. The police then placed Cushingberry under arrest. While conducting a search incident to the arrest, the officer discovered in Cushingberry's left front pants pocket a plastic cigar packaging that contained a baggie with what the officer believed was marijuana inside. Cushingberry told the officer that the substance was synthetic marijuana, but laboratory tests later showed that the substance was actual marijuana.

The State charged Cushingberry with theft as a Class A misdemeanor and possession of marijuana as a Class B misdemeanor. A bench trial was held, at the conclusion of which Cushingberry was found guilty as charged. At sentencing, the trial court took note of Cushingberry's apology for his crime, as well as his criminal history and the fact that he was on probation at the time he committed the instant offense and had not taken advantage of that opportunity. The trial court sentenced him to an aggregate executed sentence of one year. Cushingberry now appeals.

## Discussion and Decision

Under Indiana Appellate Rule 7(B), "we may revise any sentence authorized by statute if we deem it to be inappropriate in light of the nature of the offense and the character of the offender." *Corbally v. State*, 5 N.E.3d 463, 471 (Ind. Ct. App. 2014). The question under Appellate Rule 7(B) is not whether another sentence is *more* appropriate; rather, the question is whether the sentence imposed is inappropriate. *King v. State,* 894 N.E.2d 265, 268 (Ind. Ct. App. 2008). It is the defendant's burden on appeal to persuade the reviewing court

that the sentence imposed by the trial court is inappropriate. *Chappell v. State,* 966 N.E.2d 124, 133 (Ind. Ct. App. 2012), *trans. denied.*

[7] Cushingberry argues that his sentence is inappropriate in light of the nature of the offense and the character of the offender. He contends that, as to the nature of the offense, there was nothing particularly egregious about his crimes to justify the maximum sentence given. He also claims that, as to his character, his youth and his remorse for his actions demonstrate that the maximum executed sentence was not appropriate.

[8] As to the nature of the offense, Cushingberry stole a cell phone from the desk of his manager when the manager turned away to copy Cushingberry's work schedule and, when arrested, he was discovered to be in possession of marijuana. He committed these crimes while working at Goodwill, which is a second chance employer that provided him an opportunity for employment despite his prior felony conviction. The evidence also shows that, when confronted with the theft of the cell phone, Cushingberry initially lied about taking it, and only admitted to it after being told of the video surveillance of the office. Therefore, by stealing a cell phone from his manager and bringing marijuana into his workplace, he squandered this opportunity at a second chance that was given to him.

[9] As to Cushingberry's character, he was only nineteen at the time he committed the instant offenses. However, he had already accrued a criminal history that included a conviction for Class B felony carjacking and a juvenile adjudication

for possession of marijuana. He was also on probation at the time he committed the present offenses. His commission of these crimes at his workplace where he was being given a second chance demonstrates that he failed to take advantage of the chances given to him to turn his life around. We, therefore, conclude that Cushingberry's one-year executed sentence is not inappropriate in light of the nature of the offense and the character of the offender.

[10] Affirmed.

Vaidik, C.J., and Bradford, J., concur.