## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Dec 10 2015, 9:37 am

*Kevin S. Smith*

**CLERK**
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT

Chris M. Teagle
Muncie, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Jesse R. Drum
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Fredy R. Ticas, *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, *Appellee-Plaintiff.* | December 10, 2015 <br><br> Court of Appeals Case No. 05A05-1505-CR-512 <br><br> Appeal from the Blackford Superior Court <br><br> The Honorable John Nicholas Barry, Judge <br><br> Trial Court Cause No. 05D01-1501-F6-11 |

**Kirsch, Judge.**

[1] Fredy R. Ticas pleaded guilty to obstruction of justice, a Level 6 felony,[1] and was sentenced to 912 days with 365 days to be executed and 547 days suspended to probation. Ticas appeals and raises the following issue for our review: whether his sentence is inappropriate in light of the nature of the offense and the character of the offender.

[2] We affirm.

## Facts and Procedural History

[3] On January 5, 2015, Katie Aspy ("Aspy") sent a text message to David Twibell ("Twibell"), inviting him to the trailer of Rebecca Cushing ("Cushing"). In her message, Aspy told Twibell she would "take care of him for the night." *Appellant's App.* at 8. When Twibell arrived at the trailer and walked in the door, Aspy stabbed him in the chest with a butcher knife. Twibell told Ticas, who was present inside the trailer at the time, to stop Aspy. Twibell was able to run away from the trailer, "squirting blood all over" and thinking he was going to die. *Id.* Ticas helped Aspy clean the knife and the inside of the trailer with bleach after Twibell left. Ticas did not call for help, and he told Cushing not to talk to the police.

[4] The State charged Ticas with Level 6 felony obstruction of justice. On April 9, 2015, a guilty plea hearing was held, and Ticas's guilty plea was taken under

---

[1] *See* Ind. Code § 35-44.1-2-2(a)(3).

advisement by the trial court. In the plea agreement, the State agreed to cap the executed portion of Ticas's sentence at one year in exchange for Ticas's plea of guilty to the charge of Level 6 felony obstruction of justice. At the sentencing hearing, the trial court accepted Ticas's guilty plea and sentenced Ticas to 912 days after finding Ticas's criminal history to be an aggravating factor and finding no mitigating factors. The trial court ordered 365 days of the sentence to be executed and the remaining 547 days suspended to probation. Ticas now appeals.

## Discussion and Decision

[5] Ticas argues his sentence is inappropriate. Under Indiana Appellate Rule 7(B), "we may revise any sentence authorized by statute if we deem it to be inappropriate in light of the nature of the offense and the character of the offender." *Corbally v. State*, 5 N.E.3d 463, 471 (Ind. Ct. App. 2014). The question under Appellate Rule 7(B) is not whether another sentence is *more* appropriate; rather, the question is whether the sentence imposed is inappropriate. *King v. State,* 894 N.E.2d 265, 268 (Ind. Ct. App. 2008). It is the defendant's burden on appeal to persuade the reviewing court that the sentence imposed by the trial court is inappropriate. *Chappell v. State,* 966 N.E.2d 124, 133 (Ind. Ct. App. 2012), *trans. denied.*

[6] Indiana's flexible sentencing scheme allows trial courts to tailor an appropriate sentence to the circumstances presented, and the trial court's judgment "should receive considerable deference." *Cardwell v. State,* 895 N.E.2d 1219, 1222 (Ind.

2008). The principal role of appellate review is to attempt to "leaven the outliers." *Id.* at 1225. Whether we regard a sentence as inappropriate at the end of the day turns on "our sense of the culpability of the defendant, the severity of the crime, the damage done to others, and myriad other facts that come to light in a given case." *Id.* at 1224.

[7] Ticas argues that his sentence is inappropriate in light of the nature of the offense and the character of the offender. Specifically, he contends that his maximum sentence of 912 days is inappropriate. He claims that the circumstances of the crime do not merit the maximum sentence in that his actions did not hurt or endanger the victim and did not hinder the investigation because he cooperated with the police. Ticas also asserts that his character does not merit his sentence because his criminal history consisted of only nonviolent offenses that are completely unrelated to the instant offense.

[8] Ticas pleaded guilty to Level 6 felony obstruction of justice. "A person who commits a Level 6 felony (for a crime committed after June 30, 2014) shall be imprisoned for a fixed term of between six (6) months and two and one-half (2½) years, with the advisory sentence being one (1) year." Ind. Code § 35-50-2-7(b). The trial court sentenced Ticas to 912 days, with 365 days executed and 547 days suspended to probation.

[9] Initially, we note that, contrary to Ticas's contention, his sentence is not a maximum sentence. Our court has previously explained that, "'for purposes of Rule 7(B) review, a maximum sentence is not just a sentence of maximum

length, but a *fully executed* sentence of maximum length' and that '[a]nything less harsh, be it placement in community corrections, probation, or any other available alternative to prison, is simply not a maximum sentence.'" *Bratcher v. State*, 999 N.E.2d 864, 870-71 (Ind. Ct. App. 2013) (quoting *Jenkins v. State,* 909 N.E.2d 1080, 1085-86 (Ind. Ct. App. 2009), *trans. denied.*), *trans. denied*. Here, the trial court suspended a portion of Ticas's sentence and placed him on probation. Therefore, Ticas did not receive a maximum sentence for purposes of Appellate Rule 7(B). *See id.*

[10] Looking to the nature of the offense, Ticas was present in the trailer when Aspy stabbed Twibell and did nothing to stop her, even though Twibell requested assistance from Ticas. After Twibell fled from the trailer, Ticas helped Aspy cover up her crime by cleaning the knife and the trailer with bleach. Additionally, he also told Cushing not to talk to the police. Contrary to Ticas's contention that "[i]t is plausible that [he], startled and shaken by the events that unfolded in his kitchen, acted as a reasonable person by cleaning up his home and instruments that had been bloodied in the moments prior," *Appellant's Br.* at 5, he pleaded guilty to obstruction of justice, which makes it a crime to "alter[], damage[], or remove[] any record, document, or thing, with intent to prevent it from being produced or used as evidence in any official proceeding or investigation." Ind. Code § 35-44.1-2-2(a)(3). Therefore, when he pleaded guilty, Ticas admitted that his intent was criminal. Further, it is not important whether his actions actually hindered the investigation, because such outcome does not affect his criminal culpability.

[11] As to his character, Ticas has a criminal history that consists of three misdemeanor convictions and one felony conviction. He has two Class A misdemeanor convictions for operating a vehicle with a blood alcohol content of .15 or more, one Class A misdemeanor conviction for operating a vehicle while intoxicated endangering a person, and one Class D felony conviction for operating a vehicle as a habitual traffic violator. Ticas has also previously violated his probation on two occasions. We conclude that, in light of the nature of the offense and the character of the offender, Ticas's sentence is not inappropriate.[2]

[12] Affirmed.

Baker, J., and Barnes, J., concur.

---

[2] To the extent that Ticas argues that the trial court abused its discretion in failing to consider mitigating circumstances, we find such argument waived for failing to present a cogent argument. *See Whaley v. State,* 843 N.E.2d 1, 18 n.15 (Ind. Ct. App. 2006) ("Failure to put forth a cogent argument acts as a waiver of the issue on appeal."), *trans. denied*; Ind. Appellate Rule 46(A)(8)(a) ("The argument must contain the contentions of the appellant on the issues presented, supported by cogent reasoning."). Further, we note that Ticas did not advance any mitigating evidence at his sentencing hearing. *Tr.* at 5-6.