## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Mar 01 2018, 5:44 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Donald E.C. Leicht
Kokomo, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Caryn N. Szyper
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Jaide T. Spencer,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

March 1, 2018

Court of Appeals Case No.
34A02-1711-CR-2615

Appeal from the Howard Superior Court

The Honorable William C. Menges, Judge

Trial Court Cause No.
34D01-1707-F2-871

**Riley, Judge.**

# STATEMENT OF THE CASE

Appellant-Defendant, Jaide Spencer (Spencer), appeals the trial court's sentence following a plea agreement for dealing in a narcotic drug, a Level 2 felony, Ind. Code 35-48-4-1(a)(2).

We affirm.

# ISSUE

Spencer presents us with one issue on appeal, which we restate as: Whether Spencer's executed sentence without a recommendation for the Department of Correction's therapeutic community program, was inappropriate in light of the nature of the offense and her character.

# FACTS AND PROCEDURAL HISTORY

On July 22, 2017, officers went to the Motel 6 in Kokomo, Indiana, to serve an active warrant on Spencer. When they located Spencer in her motel room, she was in possession of 25 grams of heroin and a syringe. They also found a set of digital scales and two packages of small Ziploc plastic bags that are commonly used to package illegal drugs, hidden under the air conditioner.

On July 25, 2017, the State filed an Information, charging Spencer with Count I, dealing in a narcotic drug, a Level 2 felony, I.C. § 35-48-4-1(a)(2); Count 2, possession of a narcotic drug, a Level 4 felony, I.C. § 35-48-4-6(a); Count III, unlawful possession of a syringe, a Level 5 felony, I.C. § 16-42-19-18; and Count IV, maintaining a common nuisance, a Level 6 felony, I.C. § 35-45-1-

5(c). On September 29, 2017, Spencer entered into a guilty plea with the State, agreeing to plead guilty to Count I, in exchange for the State's dismissal of the other charges. The trial court accepted the plea agreement on the same day and entered judgment of conviction accordingly.

[6] On October 31, 2017, the trial court conducted a sentencing hearing. During the sentencing hearing, twenty-three-year-old Spencer admitted she has "been fooling" around with the drug scene for the past nine years. (Transcript p. 15). She started using heroin when she was fourteen years old and has been injecting it since May of 2016. She also started using methamphetamine in September 2016. She used both drugs "off and on at the same time" ever since. (Tr. p. 18). She has never participated in a drug and alcohol program. During this time period, Spencer had three children, who were ages nine, four, and three at the time of sentencing, but none of them resided with her.

[7] Spencer testified that she considered herself "just a user" "until it got hard to get [her] drugs." (Tr. p. 18). Then she started getting larger quantities to "sell them" and admitted to becoming a "dealer at some point." (Tr. p. 18). She confirmed that she had planned to sell the amount of heroin found in the motel room, after having used some of it.

[8] Spencer has prior convictions for Level 6 felony possession of a narcotic drug, a Class A misdemeanor maintaining a common nuisance, and a Class A misdemeanor unlawful possession of a syringe in two separate cases arising out of incidents in November 2016. At the time of sentencing, Spencer had a

warrant out for her arrest for a theft charge in Marshall County, and a petition to revoke her probation was pending in Miami County. Spencer requested the trial court to sentence her to the DOC's therapeutic community program,[1] which would allow the trial court to modify her sentence, upon successful completion of the program. She wanted to enroll in the program because she doesn't "want to live like this anymore and [she] just want[s] to be able to get [her] life together so [she] can be with [her] children." (Tr. p. 15).

[9] During the State's cross-examination of Spencer, the trial court, in response to an objection by Spencer's counsel, observed:

> I think as a practical matter, what you're asking for [defense counsel], is that she be treated solely as an addict, sent to the [t]herapeutic [c]ommeutic which puts her back into the general population within a year, eighteen months, on the theory that she is in fact an addict. We have a couple of problems with that. Number 1, we have a large amount of heroin involved. Number 2, we get into the criminal thinking and we have to, I have to figure out whether she is an addict or whether she's a drug dealer. If she's a drug dealer she doesn't need [t]herapeutic [c]ommunity.

(Tr. p. 26). In closing, Spencer's counsel argued that Spencer was not a professional drug dealer, but a drug addict who was "stupid enough" to meet a

---

[1] The DOC's therapeutic community program is an in-patient substance abuse therapeutic community for offenders who have addictions to drugs or alcohol. *See* Purposeful Incarceration, https://www.in.gov/idoc/2798.htm (last visited Febr. 20, 2018).

drug dealer and "get big quantities." (Tr. p. 30). The trial court declined Spencer's request and sentenced her as follows:

> I'm going to find that [Spencer's] criminal history is an aggravating factor, that she's recently violated the conditions of probation, parole, [c]ommunity [c]orrections, placed on pretrial release granted to her. I find that her imprisonment will cause a hardship on her children but that is a very minimal mitigating factor given the situation when she was not incarcerated and so I don't think it's entitled to much weight. I find that the aggravating factors outweigh the mitigating factors and justify an enchanced sentence. The problem we have is exactly what I said earlier, are we dealing with a drug dealer who needs to be incarcerated because of the danger that she poses to the rest of society or are we dealing with an addict who needs treatment so she can go and live the rest of her life. Twenty-five grams of heroin. For somebody just starting heroin usage the average dose would be three to four milligrams. You know, there are 1,000 milligrams in a gram so that 25 grams for somebody just starting out would be 8,333 doses of heroin. For somebody who, I guess an experienced heroin user, they build a tolerance but it's generally accepted that even though the tolerance exists and the amount of heroin that somebody consumes goes up, regardless of your tolerance a dosage of 75 milligrams or so is going to be fatal, so let's just assume that you're a long term heroin user. The only [] purchase [sic] 333 doses. I don't buy it. I think you're a dealer. Accordingly, I'm going to sentence you to the Indiana Department of Correction for a period of 20 years. That's executed.

(Tr. pp. 31-32).

[10]     Spencer now appeals. Additional facts will be provided if necessary.

# DISCUSSION AND DECISION

[11] Spencer contends that the trial court improperly imposed an executed sentence of twenty years instead of referring her to the DOC's therapeutic community program. Maintaining that the reality between a dealer and addict "is not binary," Spencer argues that the evidence is "unrefuted" that she is a "chemically addicted offender" suitable to participate in the therapeutic community program. (Appellant's Br. p. 9).

[12] We may only revise a sentence authorized by statute if, after due consideration of the trial court's decision, "the [c]ourt finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." Ind. Appellate Rule 7(B). "[S]entencing is principally a discretionary function in which the trial court's judgment should receive considerable deference." *Stephenson v. State*, 29 N.E.3d 111, 122 (Ind. 2015). The question under Appellate Rule 7(B) analysis is "not whether another sentence is more appropriate" but rather "whether the sentence imposed is inappropriate." *King v. State*, 894 N.E.2d 265, 268 (Ind. Ct. App. 2008). "The location where a sentence is to be served is an appropriate focus for application of our review and revise authority." *Id*. "A defendant challenging the placement of a sentence must convince us that the given placement is itself inappropriate." *Id*. As a practical matter, trial courts know the feasibility of alternative placements in particular counties or communities. *Id*.

[13] Under the particular circumstances of this case, we conclude that the trial court did not improperly sentence Spencer. Spencer's criminal history includes convictions in 2016 for a level 6 felony possession of a narcotic drug, a Class A misdemeanor maintaining a common nuisance, and a Class A misdemeanor unlawful possession of a syringe. She had a warrant out for her arrest in Marshall County, as well as a pending petition to revoke probation in Miami County. Even though Spencer testified that she considered herself to be "just a user," the quantity of heroin in her possession—twenty-five grams—was much larger than even needed by an experienced drug addict. (Tr. p. 18). Confronted by the State, Spencer openly admitted that she became a "dealer at some point" and confirmed that she planned to sell the amount of heroin found in the motel room. (Tr. p. 18). She has been involved in the drug scene for nine years—the entire life of her oldest child—but never sought any substance abuse treatment.

[14] In light of Spencer's criminal history—including the failed rehabilitation—and her testimony at the sentencing hearing, we cannot conclude that the trial court's sentence of twenty years executed in the DOC, without a recommendation for the therapeutic community program, was inappropriate.

# CONCLUSION

[15] Based on the foregoing, we hold that the trial court's sentence is not inappropriate pursuant to Indiana Appellate Rule 7(B).

[16] Affirmed.

[17] Baker, J. and Brown, J. concur