## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Aug 24 2020, 8:51 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Brandon E. Murphy
Cannon Bruns & Murphy
Muncie, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Josiah Swinney
Deputy Attorney General

Samuel J. Sendrow
Certified Legal Intern
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Logan Osborn,
*Appellant-Defendant,*

v.

State of Indiana,
*Appellee-Plaintiff.*

August 24, 2020

Court of Appeals Case No.
19A-CR-3071

Appeal from the Jay Circuit Court

The Honorable Brian D. Hutchison, Judge

Trial Court Cause No.
38C01-1901-F5-6

**Najam, Judge.**

# Statement of the Case

Logan Osborn appeals his sentence after he pleaded guilty to two counts of battery against a public safety official, as Level 6 felonies. Osborn raises one issue for our review, namely, whether his sentence is inappropriate in light of the nature of the offenses and his character.

We affirm.

# Facts and Procedural History

On January 6, 2019, Osborn, who was an inmate at the Jay County Security Center, broke the glass out of the light in his cell. As a result, officers escorted Osborn to another cell and asked him to remove his clothing. Osborn did not comply, and he became "extremely combative." Appellant's App. Vol. II at 8. Corrections Officers Kenisha Lehman and Dylan Limbert then entered Osborn's cell and attempted to remove his clothing. Osborn started "punching and kicking and pulling away[.]" *Id*. Osborn punched Officer Limbert "on the right side of the face multiple times," and he kicked Officer Lehman in the head "several times." *Id*. After "several minutes of fighting," officers were able to remove Osborn's clothing and exit his cell. *Id*.

The State charged Osborn with two counts of battery against a public safety official, as Level 5 felonies. Thereafter, Osborn pleaded guilty to two counts of battery against a public safety official, as Level 6 felonies. The court accepted Osborn's guilty plea and entered judgment of conviction accordingly. At a sentencing hearing, the court identified as aggravating factors Osborn's criminal

history and the fact that Osborn committed the instant offenses while incarcerated for a prior offense. The court did not identify any mitigators. Accordingly, the court sentenced Osborn to concurrent terms of two years on each count. This appeal ensued.

## Discussion and Decision

[5] Osborn contends that his aggregate two-year sentence is inappropriate in light of the nature of the offenses and his character. However, the entirety of Osborn's argument on appeal is as follows:

> At the time of sentencing, Logan Osborn was just twenty-two years old, but had previously earned his GED. Osborn was already scheduled to be confined for [a] Madison County conviction until March of 2022. This Court could and should have imposed an eighteen (18) month executed and aggravated sentence which took into account Osborn's prior criminal history while recognizing his age and rehabilitative potential. Given Osborn's age and the fact that he is already serving an executed sentence until March of 2022, it was inappropriate to sentence Mr. Osborn to two (2) years executed in the Department of Corrections.

Appellant's Br. at 8 (internal citations omitted). As such, Osborn's argument is that his executed sentence is inappropriate only in light of his character.

[6] However, that argument, by itself, is not sufficient to invoke this Court's authority to revise a sentence under Indiana Appellate Rule 7(B). As this Court has previously explained, revision of a sentence under Rule 7(B) "requires the appellant to demonstrate that his sentence is inappropriate in light of the nature

of the offense *and* the character of the offender." *Sanders v. State*, 71 N.E.2d 839, 843 (Ind. Ct. App. 2017) (quotation marks omitted, emphasis in original), *trans. denied*. The language of that rule plainly requires "the appellant to demonstrate that his sentence is inappropriate in light of *both* the nature of the offenses and his character." *Id*. (quotation marks omitted, emphasis in original). Because Osborn's argument on appeal does not address his sentence in relation to the nature of the offenses, he has waived our review of the appropriateness of his sentence. *See id*.

[7]     Waiver notwithstanding, Osborn has failed to persuade us that his two-year executed sentence is inappropriate. Indiana's flexible sentencing scheme allows trial courts to tailor an appropriate sentence to the circumstances presented, and the trial court's judgment "should receive considerable deference." *Cardwell*, 895 N.E.2d at 1222. Whether we regard a sentence as inappropriate at the end of the day turns on "our sense of the culpability of the defendant, the severity of the crime, the damage done to others, and myriad other facts that come to light in a given case." *Id*. at 1224. The question is not whether another sentence is more appropriate, but rather whether the sentence imposed is inappropriate. *King v. State*, 894 N.E.2d 265, 268 (Ind. Ct. App. 2008). Deference to the trial court "prevail[s] unless overcome by compelling evidence portraying in a positive light the nature of the offense (such as accompanied by restraint, regard, and lack of brutality) and the defendant's character (such as substantial virtuous traits or persistent examples of good character)." *Stephenson v. State*, 29 N.E.3d 111, 122 (Ind. 2015).

[8]     The sentencing range for a Level 6 felony is six months to two and one-half years, with an advisory sentence of one year. Ind. Code § 35-50-2-7(b). Here, the court identified as aggravating factors Osborn's criminal history and the fact that he committed the instant offense while incarcerated for a prior offense. The court did not identify any mitigating factors. Accordingly, the court imposed an enhanced sentence of two years on each count, to run concurrently.

[9]     Here, Osborn has not shown that his sentence is inappropriate. With respect to the nature of the offenses, Osborn punched Officer Limbert in the face multiple times, and he kicked Officer Lehman in the head several times. Indeed, he fought the two officers, who were attempting to perform their duties, for "several minutes." Appellant's App. Vol. II at 8. As to his character, at only twenty-two years old, Osborn has a criminal history that includes three juvenile adjudications, three felony convictions, and one misdemeanor conviction. Further, Osborn committed the instant offense while incarcerated for a prior offense. And Osborn has been given several opportunities to avoid incarceration in the past through alternative sentences, but he continues to commit crimes. We cannot say that Osborn's sentence is inappropriate in light of the nature of the offenses and his character. We therefore affirm Osborn's sentence.

[10]    Affirmed.

Bradford, C.J., and Mathias, J., concur.