## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Sep 28 2020, 8:54 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Zachary A. Witte
Locke & Witte
Fort Wayne, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

J.T. Whitehead
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Anthony L. McDaniels, <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff.* | September 28, 2020 <br><br> Court of Appeals Case No. 20A-CR-824 <br><br> Appeal from the Allen Superior Court <br><br> The Honorable Frances C. Gull, Judge <br><br> Trial Court Cause Nos. 02D05-1909-F6-1221 02D05-1910-F6-1334 02D06-1902-CM-448 |

**Bailey, Judge.**

# Case Summary

In this consolidated appeal, Anthony McDaniels ("McDaniels") challenges his aggregate three-year sentence for his two Level 6 felony convictions. The only issue he raises on appeal is whether his sentence is inappropriate in light of the nature of the offenses and his character.

We affirm.

# Facts and Procedural History

On August 19, 2019, in cause number 02D06-1902-CM-448 ("Cause No. 448"), McDaniels pled guilty to operating a motor vehicle without a license, as a Class C misdemeanor.[1] The court sentenced McDaniels to sixty days incarceration, suspended, with twenty hours of community service. McDaniels was subsequently charged with possession of methamphetamine, as a Level 6 felony,[2] and possession of paraphernalia, as a Class C misdemeanor,[3] in cause number 02D05-1909-F6-1221 ("Cause No. 1221"), and resisting law enforcement by use of a vehicle, as a Level 6 felony,[4] resisting law enforcement

---

[1] Ind. Code § 9-24-18-1(a). McDaniels also admitted to failing to regard a traffic signal, as a Classs C infraction. I.C. § 9-21-3-7 & -3-11.

[2] I.C. § 35-48-4-6.1(a).

[3] I.C. § 35-48-4-8.3(b)(1).

[4] I.C. § 35-44.1-3-1(a)(3), (c)(1)(A).

by fleeing, as a Class A misdemeanor,[5] and operating a motor vehicle without a license with a prior unrelated conviction, as a Class A misdemeanor,[6] in cause number 02D05-1910-F6-1334 ("Cause No. 1334"). At a November 4, 2019, plea hearing, McDaniels pled guilty to the two charges in Cause No. 1221, and to the three charges in Cause No. 1334. On that same date, McDaniels was ordered into the drug court program in all three criminal cases.

[4] On February 18, 2020, McDaniels was terminated from the drug court program in all three cases due to his failure to report to court as instructed, failure to appear for drug screening as instructed, and unsuccessful discharge from the Road to Recovery residential drug treatment program. The trial court held a sentencing hearing in all three criminal cases on March 24, 2020, at which the trial court stated:

> The Court does find as aggravating circumstances your juvenile and adult criminal record with failed efforts at rehabilitation covering a period of time from 2013 to 2020, where you were given the benefit of informal adjustments through the juvenile court system with operational supervision, family counseling, and individual counselling. As an adult, you've got one misdemeanor conviction and one prior felony conviction with probation, short jail sentences, longer jail sentences, community service, and ultimately, the Drug Court Program. In F6-1334, an additional aggravating circumstance is that you were on bond at the time you committed those offenses. I do find as mitigating circumstances your plea of guilty and acceptance of responsibility

---

[5] I.C. § 35-44.1-3-1(a)(3).

[6] I.C. § 9-24-18-1(a).

and the remorse that you've expressed here in court, as well as to the writer of the pre-sentence report and to your attorney.

Tr. 02D05-1909-F6-1221 at 21.

[5] In Cause No. 448, the court ordered McDaniels to serve his previously-suspended sixty-day sentence. In Cause No. 1221, the court sentenced McDaniels to one and one half years for possession of methamphetamine and sixty days for possession of paraphernalia, to be served concurrently with each other, but consecutively to the sentence imposed in Cause No. 448. In Cause No. 1334, the trial court sentenced McDaniels to one and one half years for resisting with a vehicle, one year for resisting by fleeing, and one year for operating without a license, all to be served concurrently with one another, but consecutively to the sentences imposed in the other causes. Thus, McDaniels's aggregate sentence for all six convictions in the three criminal cases was three years and sixty days. McDaniels now appeals his aggregate three-year sentence for the two Level 6 felonies.

# Discussion and Decision

[6] McDaniels contends that his sentence for the two Level 6 felonies is inappropriate in light of the nature of the offense and his character. Article 7, Sections 4 and 6 of the Indiana Constitution "authorize[] independent appellate review and revision of a sentence imposed by the trial court." *Roush v. State*, 875 N.E.2d 801, 812 (Ind. Ct. App. 2007) (alteration in original). This appellate authority is implemented through Indiana Appellate Rule 7(B). *Id.*

Revision of a sentence under Rule 7(B) requires the appellant to demonstrate that his sentence is "inappropriate in light of the nature of his offenses and his character." Ind. Appellate Rule 7(B); *see also Rutherford v. State*, 866 N.E.2d 867, 873 (Ind. Ct. App. 2007).

[7] Indiana's flexible sentencing scheme allows trial courts to tailor an appropriate sentence to the circumstances presented, and the trial court's judgment "should receive considerable deference." *Cardwell v. State*, 895 N.E.2d 1219, 1224 (Ind. 2008). The principal role of appellate review is to attempt to "leaven the outliers." *Id.* at 1225. Whether we regard a sentence as inappropriate at the end of the day turns on "our sense of the culpability of the defendant, the severity of the crime, the damage done to others, and myriad other factors that come to light in a given case." *Id.* at 1224. The question is not whether another sentence is more appropriate, but rather whether the sentence imposed is inappropriate. *King v. State*, 894 N.E.2d 265, 268 (Ind. Ct. App. 2008). Deference to the trial court "prevail[s] unless overcome by compelling evidence portraying in a positive light the nature of the offense (such as accompanied by restraint, regard, and lack of brutality) and the defendant's character (such as substantial virtuous traits or persistent examples of good character)." *Stephenson v. State*, 29 N.E.3d 111, 122 (Ind. 2015).

[8] We begin by noting that McDaniels's sentences for his two Level 6 felonies are within the statutory sentencing range and are not at the highest level of the

range.[7] Moreover, our review of the record discloses nothing remarkable about the nature of the offenses that would warrant revising McDaniels's sentences. "The nature of the offense is found in the details and circumstances of the commission of the offense and the defendant's participation." *Zavala v. State*, 138 N.E.3d 291, 301 (Ind. Ct. App. 2019) (quotation and citation omitted), *trans. denied*. Here, it is noteworthy that McDaniels was serving a suspended sentence at the time he committed the five crimes, including the two felonies, in Cause Nos. 1221 and 1334.

[9]     Nor does the nature of McDaniels's character warrant a sentence revision. "The significance of a criminal history in assessing a defendant's character and an appropriate sentence varies based on the gravity, nature, and number of prior offenses in relation to the current offense." *Denham v. State*, 142 N.E.3d 514, 517 (Ind. Ct. App. 2020) (quotation and citation omitted), *trans. denied*. McDaniels has contact with law enforcement going back to juvenile charges in 2013 for what would be criminal mischief and resisting law enforcement if committed by an adult and a 2016 conviction as an adult for forgery as a Level 6 felony. Both as a juvenile and an adult, McDaniels was given multiple opportunities to obtain drug treatment and avoid imprisonment. As a juvenile, McDaniels was given an informal adjustment with family and individual counseling, but he was ultimately "unsatisfactorily discharged from probation."

---

[7] Under Indiana Code Section 35-50-2-7(b), a person who commits a Level 6 felony "shall be imprisoned for a fixed term of between six (6) months and two and one-half (2 ½) years, with the advisory sentence being one (1) year." McDaniels was sentenced to one and a half years for each of his Level 6 felonies.

App. V. II at 65. As an adult, he was given "probation, short jail sentences, longer jail sentences, community service," and referral to the drug court program. Tr. 02D05-1909-F6-1221 at 21. Despite all of these opportunities to obtain services and/or avoid imprisonment, McDaniels committed the six additional crimes in Cause Nos. 1221 and 1334, including the two Level 6 felonies. His criminal history and repeated failure to take advantage of opportunities to avoid imprisonment reflect poorly on his character.

[10] McDaniels contends that one-year sentences for each Level 6 felony and/or suspended sentences with required drug abuse treatment would be the "better option[s]." Appellant's Br. at 19. However, our review of a defendant's sentence under Rule 7(B) does not attempt to determine whether another sentence might be more appropriate; rather, the test is whether the sentence is inappropriate. *See, e.g.*, *Pedigo v. State*, 146 N.E.3d 1002, 1014 (Ind. Ct. App. 2020), *trans. denied*. We cannot say that McDaniels's aggregate sentence of three years imprisonment for his two Level 6 felony convictions is inappropriate in light of the nature of the offenses and his character.

[11] Affirmed.

Vaidik, J., and Weissmann, J., concur.