## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Dec 30 2020, 8:45 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEYS FOR APPELLANT

Laura A. Raiman
R. Patrick Magrath
Alcorn Sage Schwartz & Magrath, LLP
Madison, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Tina L. Mann
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Akeem J. Bazley,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

December 30, 2020

Court of Appeals Case No.
20A-CR-1247

Appeal from the Bartholomew
Superior Court

The Honorable James D. Worton,
Judge

Trial Court Cause No.
03D01-1912-F5-7260

**Bailey, Judge.**

# Case Summary

Akeem Bazley ("Bazley") challenges his sentence, following a plea agreement, for intimidation, as a Level 5 felony.[1]  The only issue he raises on appeal is whether his sentence is inappropriate in light of the nature of the offense and his character.

We affirm.

# Facts and Procedural History

Bazley and S.B. were in a romantic relationship.  On December 26, 2019, Bazley drove to S.B.'s apartment and threatened that he would bang on S.B.'s door if she did not come outside to see him.  S.B.'s friend Donald Dyer ("Dyer") arrived and tried to convince Bazley to leave.  Bazley bragged to Dyer about having a .45 caliber handgun on his person and having outstanding warrants.  S.B. then decided to go out and talk to Bazley.  When S.B. went outside, Bazley charged at her, put his hands around her throat, pinned her against the wall, and started choking her.  Bazley then pulled out what appeared to be a handgun but later was determined to be a BB gun.  Bazley placed the gun under S.B.'s chin and told her that he would kill her if necessary.

---

[1]  Ind. Code § 35-45-2-1(a), (b)(2)(A).

S.B. started screaming. S.B.'s roommate then came outside, and Bazley ran away.

[4] Dyer called the police who subsequently located Bazley at a residence where he said he had been visiting family. Bazley also stated that he had not threatened anyone with a firearm and did not possess a firearm. Police officers confirmed that Bazley had outstanding warrants and then transported him to jail. The officers subsequently located the BB gun in the yard where Bazley was arrested.

[5] On December 27, 2019, the State charged Bazley with intimidation, as a Level 5 felony; strangulation, as a Level 6 felony;[2] and domestic battery, as a Class A misdemeanor.[3] On May 4, 2020, Bazley pled guilty to the charge of Level 5 felony intimidation, and the State agreed to the dismissal of the other charges. Sentencing was left to the trial court's discretion. On June 3, the trial court sentenced Bazley to four years in the Indiana Department of Correction. This appeal ensued.

# Discussion and Decision

[6] Bazley contends that the sentence for his Level 5 felony intimidation conviction is inappropriate in light of the nature of the offense and his character. Article 7, Sections 4 and 6 of the Indiana Constitution "authorize[] independent appellate

---

[2] I.C. § 35-42-2-9(c).

[3] I.C. § 35-42-2-1.3(a)(1).

review and revision of a sentence imposed by the trial court." *Roush v. State*, 875 N.E.2d 801, 812 (Ind. Ct. App. 2007) (alteration in original). This appellate authority is implemented through Indiana Appellate Rule 7(B). *Id.* Revision of a sentence under Rule 7(B) requires the appellant to demonstrate that his sentence is "inappropriate in light of the nature of the offense and the character of the offender." Ind. Appellate Rule 7(B); *see also Rutherford v. State*, 866 N.E.2d 867, 873 (Ind. Ct. App. 2007).

Indiana's flexible sentencing scheme allows trial courts to tailor an appropriate sentence to the circumstances presented, and the trial court's judgment "should receive considerable deference." *Cardwell v. State*, 895 N.E.2d 1219, 1224 (Ind. 2008). The principal role of appellate review is to attempt to "leaven the outliers." *Id.* at 1225. Whether we regard a sentence as inappropriate at the end of the day turns on "our sense of the culpability of the defendant, the severity of the crime, the damage done to others, and myriad other factors that come to light in a given case." *Id.* at 1224. The question is not whether another sentence is more appropriate, but rather whether the sentence imposed is inappropriate. *King v. State*, 894 N.E.2d 265, 268 (Ind. Ct. App. 2008). Deference to the trial court "prevail[s] unless overcome by compelling evidence portraying in a positive light the nature of the offense (such as accompanied by restraint, regard, and lack of brutality) and the defendant's character (such as substantial virtuous traits or persistent examples of good character)." *Stephenson v. State*, 29 N.E.3d 111, 122 (Ind. 2015).

[8] We begin by noting that Bazley's four-year sentence for his Level 5 felony is within the statutory sentencing range and is not at the highest level of the range. I.C. § 35-50-2-6(b) (providing the sentencing range for a Level 5 felony is one year to six years, with an advisory sentence of three years).

[9] Moreover, our review of the record discloses nothing remarkable about the nature of the offense that would warrant revising Bazley's sentence. "The nature of the offense is found in the details and circumstances of the commission of the offense and the defendant's participation." *Zavala v. State*, 138 N.E.3d 291, 301 (Ind. Ct. App. 2019) (quotation and citation omitted), *trans. denied*. Here, Bazley grabbed S.B. by the throat, pulled out what appeared to be a handgun, and threatened to kill S.B. These actions were not accompanied by any restraint, as Bazley seems to contend in his brief when he notes that the crime was "relatively short in duration and broke off quickly." Appellant Br. at 10. Rather, Bazley only released S.B. and ran away when her roommate arrived on the scene.

[10] Nor does the nature of Bazley's character warrant a sentence revision. "The significance of a criminal history in assessing a defendant's character and an appropriate sentence varies based on the gravity, nature, and number of prior offenses in relation to the current offense." *Denham v. State*, 142 N.E.3d 514, 517 (Ind. Ct. App. 2020) (quotation and citation omitted), *trans. denied*; *see also Maffett v. State*, 113 N.E.3d 278, 286 (Ind. Ct. App. 2018) ("Continuing to commit crimes after frequent contacts with the judicial system is a poor reflection on one's character.") (citation omitted). Bazley has a delinquency

and criminal history that includes multiple convictions of armed robbery. He also has a history of probation violation and was out of jail awaiting a bench trial for a pending misdemeanor charge in Indiana at the time he committed the crime. Moreover, at the time he committed the crime in the instant case, Bazley was "listed as a Fugitive out of Jefferson County, Louisiana" and had a "parole hold" in place related to criminal charges in Louisiana. App. at 48. Bazley's criminal history reflects poorly on his character.

[11] We cannot say that Bazley's sentence of four years imprisonment for his Level 5 felony conviction is inappropriate in light of the nature of the offense and his character.

[12] Affirmed.

Robb, J., and Tavitas, J., concur.