## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Dec 14 2015, 8:48 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT

Andrew C. Maternowski
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Angela N. Sanchez
Deputy Attorney General
Indianapolis, Indiana

# I N  T H E
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Aaron S. Buck, <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff.* | December 14, 2015 <br><br> Court of Appeals Case No. <br> 89A01-1503-CR-101 <br><br> Appeal from the Wayne Circuit Court. <br> The Honorable David A. Kolger, Judge. <br> Cause No. 89C01-1403-FC-30 |

**Barteau, Senior Judge**

# Statement of the Case

Aaron S. Buck appeals the sentence he received for his conviction of dealing in marijuana weighing more than ten pounds, a Class C felony[1], and his adjudication as an habitual substance offender.[2] We affirm.

# Issue

Buck presents one issue for our review: whether his sentence is inappropriate in light of the nature of the offenses and the character of the offender.

# Facts and Procedural History

In March 2014, as part of a drug task force investigation, a search warrant was issued for Buck's residence. In executing the search warrant, officers found in excess of 10 pounds of marijuana, a large amount of cash, and drug paraphernalia. Buck was charged with dealing in marijuana, maintaining a common nuisance, and being an habitual substance offender.

On February 19, 2015, Buck pleaded guilty as charged and admitted to being an habitual substance offender. The trial court sentenced Buck to five years for his dealing in marijuana conviction and two years for his maintaining a common nuisance conviction, to be served concurrently with his sentence for dealing in marijuana. The trial court enhanced his sentence for dealing in marijuana an

---

[1] Ind. Code § 35-48-4-10 (2013).

[2] Ind. Code § 35-50-2-10 (2006) (repealed July 1, 2014).

additional four years for his adjudication as an habitual substance offender for an aggregate executed sentence of nine years. It is from this sentence that Buck appeals.

# Discussion and Decision

[5] Buck's sole claim on appeal is that his sentence is inappropriate in light of the nature of his offenses and his character. In his brief, he notes that he is only appealing his sentences for his conviction of dealing in marijuana and his adjudication as an habitual substance offender.

[6] Although a trial court may have acted within its lawful discretion in imposing a sentence, Article 7, Sections 4 and 6 of the Indiana Constitution authorize independent appellate review and revision of sentences through Indiana Appellate Rule 7(B), which provides that we may revise a sentence authorized by statute if, after due consideration of the trial court's decision, we determine that the sentence is inappropriate in light of the nature of the offense and the character of the offender. *Thompson v. State*, 5 N.E.3d 383, 391 (Ind. Ct. App. 2014). However, "we must and should exercise deference to a trial court's sentencing decision, both because Rule 7(B) requires us to give 'due consideration' to that decision and because we understand and recognize the unique perspective a trial court brings to its sentencing decisions." *Stewart v. State*, 866 N.E.2d 858, 866 (Ind. Ct. App. 2007). The principal role of appellate review under Rule 7(B) is to attempt to leaven the outliers, not to achieve a perceived "correct" result in each case. *Garner v. State*, 7 N.E.3d 1012, 1015

(Ind. Ct. App. 2014). In other words, the question under Appellate Rule 7(B) is not whether another sentence is *more* appropriate; rather, the question is whether the sentence imposed is inappropriate. *King v. State*, 894 N.E.2d 265, 268 (Ind. Ct. App. 2008). The defendant bears the burden of persuading the appellate court that his sentence is inappropriate. *Childress v. State*, 848 N.E.2d 1073, 1080 (Ind. 2006).

[7] To assess whether a sentence is inappropriate, we look first to the statutory range established for the class of the offense at the time the offense occurred. The offense of dealing in marijuana weighing more than 10 pounds was a Class C felony, for which the advisory sentence was four years, with a minimum sentence of two years and a maximum sentence of eight years. Ind. Code § 35-50-2-6 (2005). Buck was also adjudicated an habitual substance offender for which the minimum sentence enhancement was three years, and the maximum was eight years. Ind. Code § 35-50-2-10(f). Here, the trial court sentenced Buck to five years on dealing in marijuana and an additional four years on the habitual substance offender; thus, he did not receive a maximum sentence for either offense.

[8] The habitual substance offender statute was repealed as of July 1, 2014, after Buck committed these offenses and was charged in March 2014. He asserts that his sentence is rendered inappropriate by the elimination of this sentence enhancement in the revised criminal code because it demonstrates a recognition by our state legislature that "adding up to 8 years . . . to a marijuana offense is inappropriate." Appellant's Br. p. 5.

[9] Generally, the sentencing statutes in effect at the time a defendant commits an offense govern the defendant's sentence. *Marley v. State*, 17 N.E.3d 335, 340 (Ind. Ct. App. 2014), *trans. denied*. The doctrine of amelioration provides an exception to this general rule; however, this doctrine does not apply where the legislature has included a specific savings clause. *Id.* In enacting the new criminal code, the General Assembly enacted savings clauses stating that the new criminal code does not affect penalties incurred, crimes committed, or proceedings begun before the effective date of the new code and that the penalties, crimes and proceedings continue and shall be imposed and enforced under prior law as if the new code had not been enacted. *See* Ind. Code §§ 1-1-5.5-21 and 22 (2014). The statutes further state, in no uncertain terms, that the general assembly does not intend the doctrine of amelioration to apply to any section of the new criminal code. *Id.* Moreover, the time of a crime is selected as an act of free will by the offender; thus, it is the criminal, not the State, who chooses which statutes apply to his offense and sentence. *Rondon v. State*, 711 N.E.2d 506, 513 (Ind. 1999).

[10] Recently, a panel of this Court remarked, "[i]t is abundantly clear from these statutes that the General Assembly intended the new criminal code to have no effect on criminal proceedings for offenses committed prior to the enactment of the new code. We think this is true with regard to considering the appropriateness of a sentence under Appellate Rule 7(B); we are to proceed as if the new criminal code had not been enacted." *Marley*, 17 N.E.3d at 340. We agree and therefore decline, in addressing the appropriateness of Buck's

sentence, to take into consideration the fact that the new criminal code eliminated the habitual substance offender enhancement. Instead, we consider what Appellate Rule 7(B) requires us to consider — the nature of the offense and the character of the offender.

[11] Turning to the nature of the offense, we note that Buck was convicted of dealing in marijuana as a Class C felony. In addition, although not challenging his sentence on the offense, he was convicted of maintaining a common nuisance as a Class D felony. He admitted to dealing marijuana from his family home where he lived with his wife and their sixteen-year-old daughter. When the officers executed the search warrant, they found more than ten pounds of marijuana, more than $100,000.00 in cash, drug paraphernalia, guns, and a bullet-proof vest.

[12] With regard to the character of the offender, we observe that Buck has a criminal history that extends from his juvenile years into adulthood. As a teenager, Buck was adjudicated a delinquent for two counts of child molesting that would have been Class B felonies if committed by an adult.

[13] As an adult, Buck was convicted of burglary as a Class C felony in 2000, and, in 2002, his probation was revoked, and he was ordered to serve eighteen months of his previously-suspended sentence. Later in 2002, he was convicted of a drug-related charge of maintaining a common nuisance as a Class D felony. In 2006, he was convicted of possession of marijuana as a Class A misdemeanor.

Now Buck seeks a shorter sentence so that he can obtain substance abuse treatment. In his brief, he blames his criminal history on his upbringing, his limited education, and his becoming a father at a young age. Although Buck had only an 8th grade education, he earned his GED in 2003 while incarcerated. Moreover, he had learned carpentry skills and was working in that field when he began dealing marijuana. At the sentencing hearing, he testified that "it was just really the economy" that caused him to deal marijuana. Tr. p. 26. He explained that he was not getting as much carpentry work, and he saw the material things possessed by those involved in the drug trade, so he began selling marijuana from his home where he lived with his wife and his teenage daughter. Buck's daughter wrote a letter to the court that was introduced at his sentencing hearing, and in it she told the court that Buck had promised her he would "never make the same mistake again." Ex. 1. However, as evidenced by his own words, his actions were not a mistake but rather a conscious choice he made in order to obtain material items through illegal means.

Buck not only sold marijuana, he also used it. He reported using marijuana "a couple times per week" from ages sixteen to twenty-four and then daily from age twenty-four to his arrest at age thirty-two. PSI p. 7. Additionally, he has participated in substance abuse counseling during previous incarcerations but, as evidenced by his criminal history and his admission to his ongoing marijuana use, he has shown little interest or effort in addressing his substance abuse. It is clear that prior brushes with the law as well as attempts at substance abuse programs have proven ineffective to rehabilitate Buck. If Buck truly wants to

end his substance abuse and support his family in a law-abiding manner, the Department of Correction offers substance abuse programs. Buck has not carried his burden of persuading this Court that his sentence has met the inappropriateness standard of review.

## Conclusion

For the reasons stated, we conclude that Buck's sentence is not inappropriate in light of his offenses and his character.

Affirmed.

Barnes, J., and Brown, J., concur.