## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Aug 12 2016, 9:58 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Gregory L. Fumarolo
Fort Wayne, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Richard C. Webster
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Amber Cochran,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff*

August 12, 2016

Court of Appeals Case No.
02A03-1512-CR-2218

Appeal from the Allen Superior Court

The Honorable John F. Surbeck, Jr., Judge

Trial Court Cause No.
02D06-1504-F3-31

**Crone, Judge.**

# Case Summary

[1] Following a guilty plea, Amber Cochran appeals her eighteen-year sentence for two counts of level 3 felony neglect of a dependent. She argues that her sentence is inappropriate in light of the nature of the offenses and her character. Concluding that she has not met her burden to show that her sentence is inappropriate, we affirm.

# Fact and Procedural History[1]

[2] In January 2015, Cochran took her son C.R., who was born in March 2011, for a weekend visitation with his father. C.R.'s father noticed that C.R. was covered in bruises and that some of his hair had been pulled out. Cochran told C.R.'s father that the injuries were caused by building blocks falling on C.R. and that Michael Holloway, Cochran's live-in boyfriend, had picked up C.R. by his hair.

[3] C.R.'s father contacted the police to report C.R.'s injuries. A police officer came to the home and observed multiple bruises and injuries on C.R. The police officer contacted the Allen County Department of Child Services ("DCS") to report the observations. The same evening, DCS sent a case manager to Cochran's motel residence to check out her other son, J.S., who was born in December 2012. The case manager observed severe injuries on

---

[1] The factual basis for Cochran's guilty plea is brief and lacks detail. Cochran did not object to the accuracy of the presentence investigation report at her sentencing hearing and relied on that report, the probable cause affidavit, and other documents in drafting her appellate brief. We have done likewise.

J.S., and he was taken to the hospital for treatment. C.R. was also taken to the hospital for treatment.

[4] In February 2015, Cochran and Holloway were interviewed by Detective Kenneth Johnson. Cochran and Holloway worked at the same gas station. During the day, Holloway would watch C.R. and J.S. while Cochran was at work, and Cochran would watch the children while Holloway worked at night. Holloway stated that C.R. received his injuries when a tent collapsed on him on January 27, 2015. Holloway claimed that he was unaware that C.R. was injured or bruised and denied pulling his hair. Holloway stated that J.S. received his injuries when he fell down the steps. He stated that J.S. did not cry or appear injured and that he did not observe any injuries on J.S. until January 30, 2015. Holloway did not take C.R. or J.S. to the hospital for medical treatment.

[5] Cochran claimed that she was unaware of the scrapes and bruises on C.R. She also claimed that Holloway told her that the injuries were caused by a tent falling on C.R. Cochran also stated that C.R. and J.S. were very rough with each other. Cochran did not seek medical attention for C.R. or J.S.

[6] Forensic interviewer Lorrie Bandor from the Dr. Bill Lewis Center for Children interviewed C.R., who said that he and J.S. got into "the medicine" and Holloway became angry. Appellant's App. at 115. C.R. stated that Holloway put him upside down, pulled his hair out, and "whooped" him on the butt with a belt. *Id.* C.R. said that Cochran was present when this incident occurred and

that she told Holloway not to pull his hair. C.R. said that Holloway did the same things to J.S., but that J.S. did not have any clothes on when Holloway "whooped" him. *Id.* C.R. said that he knew that J.S. was hurt because his hair and eyes were red. When J.S. was interviewed, he indicated that Holloway gave him "ouchies" on the top of his head, groin area, and right foot. *Id.*

[7] The medical examinations revealed that C.R. had bruises on the right side of his face, a large hematoma on the back of his head, missing hair and bruises on the back of his head, and abrasions on the front and back of his body. J.S. had bruising around both eyes, a patch of hair missing from his scalp, bruising throughout his lower abdomen and just above the pubic area, and bruising throughout his body, including both arms, both legs, his neck, and his lower back. J.S. also suffered from anemia due to blood loss from the pulling out of his hair.

[8] In April 2015, the State charged Cochran with two counts of level 3 felony neglect of a dependent. The charging informations alleged that Cochran, having the care of the children, knowingly or intentionally placed them in a situation endangering their lives or health, resulting in serious bodily injury to them. In September 2015, Cochran pled guilty to both counts without a plea agreement. The trial court sentenced Cochran to nine years of imprisonment on each count, with five years executed, four years suspended, and two years of supervised probation, and ordered that the sentences be served consecutively. Cochran now appeals.

# Discussion and Decision

Cochran invites this Court to reduce her sentence pursuant to Indiana Appellate Rule 7(B), which provides that we may revise a sentence authorized by statute if, after due consideration of the trial court's decision, we find that the sentence "is inappropriate in light of the nature of the offense and the character of the offender." The defendant bears the burden to persuade this Court that his or her sentence is inappropriate. *Childress v. State*, 848 N.E.2d 1073, 1080 (Ind. 2006). "When reviewing the appropriateness of a sentence under Rule 7(B), we may consider all aspects of the penal consequences imposed by the trial court in sentencing the defendant, including whether a portion of the sentence was suspended." *Weedman v. State*, 21 N.E.3d 873, 894 (Ind. Ct. App. 2014), *trans. denied* (2015). "[W]hether we regard a sentence as appropriate at the end of the day turns on our sense of the culpability of the defendant, the severity of the crime, the damage done to others, and myriad other factors that come to light in a given case." *Cardwell v. State*, 895 N.E.2d 1219, 1224 (Ind. 2008). "[A]ppellate review should focus on the forest—the aggregate sentence—rather than the trees—consecutive or concurrent, number of counts, or length of the sentence on any individual count." *Id.* at 1225. "The question under Appellate Rule 7(B) is not whether another sentence is *more* appropriate; rather, the question is whether the sentence imposed is inappropriate. *King v. State*, 894 N.E.2d 265, 268 (Ind. Ct. App. 2008).

Regarding the nature of the offense, "the advisory sentence is the starting point the Legislature selected as appropriate for the crime committed." *Fuller v. State*,

9 N.E.3d 653, 657 (Ind. 2014). Cochran pled guilty to two counts of level 3 felony neglect of a dependent. The sentencing range for a level 3 felony is between three and sixteen years, with an advisory sentence of nine years. Ind. Code § 35-50-2-5(b). Cochran received the advisory sentence of nine years of imprisonment for each conviction, with five years executed, four years suspended, and two years of supervised probation, and the trial court ordered the sentences to be served consecutively. To the extent Cochran argues that consecutive sentences are inappropriate here, we disagree: "[c]onsecutive sentences reflect the significance of multiple victims." *Pittman v. State*, 885 N.E.2d 1246, 1259 (Ind. 2008).

[11] Cochran contends that her sentence is inappropriate because her offenses were less heinous than Holloway's, who was convicted of two counts of level 3 felony battery and received a sentence of sixteen years with ten years executed and six years suspended. Cochran concedes that she placed her children in danger and deserves to be punished, but not more than Holloway because she believes that he is the one responsible for inflicting the injuries. The fact remains that Cochran had both a legal and a moral obligation to protect her young children from her boyfriend. She saw him inflict some of their injuries and then failed to seek medical attention for them. Cochran minimizes her complicity in the abuse and ignores the fact that she will not spend any more time in prison than Holloway will. The nature of Cochran's offenses does not render her sentence inappropriate.

[12]     Regarding her character, Cochran repeatedly attempted to avoid responsibility for the boys' injuries by claiming that they were caused by falling building blocks or being rough with each other, although she was present during the abuse. The photographs of the boys' injuries revealed that C.R. and J.S. were seriously injured and needed medical attention. Cochran chose to ignore the needs of her children, which demonstrates a troubling lack of concern.

[13]     Cochran also contends that her guilty plea reflects positively upon her character because she accepted responsibility for her actions without a plea agreement. We disagree. Cochran was charged in April and did not plead guilty until September. Although she pled guilty, Cochran believes that she was wrongfully accused because Holloway was responsible for the boys' injuries. Cochran fails to realize that she is equally culpable because she failed to prevent or report the abuse. Also, Cochran never expressed remorse for the harm that came to the boys or for her failure to provide care, which indicates that her guilty plea was purely pragmatic.

[14]     Cochran points out that she has no criminal history other than misdemeanor convictions for marijuana and alcohol possession. Also, she contends that she was employed before and after the offenses, is at low risk to reoffend, and would have been acceptable for home detention. Although these factors are laudable, they do not override Cochran's significant betrayal of trust and lack of remorse for her role in the abuse suffered by her young children. In sum, Cochran has not shown that the sentence imposed by the trial court is inappropriate, and therefore we affirm.

Affirmed.

Kirsch, J., and May, J., concur.