## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jul 03 2017, 8:58 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Alexander L. Hoover
Nappanee, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Christina D. Pace
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Stephen J. Ullery,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff*

July 3, 2017

Court of Appeals Case No.
20A05-1702-CR-350

Appeal from the Elkhart Circuit Court

The Honorable Michael A. Christofeno, Judge

Trial Court Cause No.
20C01-1512-F5-279

**Altice, Judge.**

## Case Summary

[1] Stephen J. Ullery appeals the sentence imposed following his plea of guilty to Level 5 felony possession of cocaine or a narcotic drug, Level 5 felony possession of methamphetamine, Level 6 felony unlawful possession of a syringe, Class A misdemeanor operating with a suspended license, and Class C felony possession of marijuana. On appeal, Ullery argues that his aggregate sentence of four years executed in the Department of Correction (DOC) is inappropriate.

[2] We affirm.

## Facts & Procedural History

[3] At approximately 3 a.m. on December 4, 2016, Ullery was pulled over for driving fifty-four miles per hour in a thirty-five-mile-per-hour zone. Ullery's seven-week-old son was in a car seat in the front passenger seat. During the traffic stop, it was discovered that Ullery's license was suspended and the officer detected the odor of burnt marijuana emanating from Ullery's jacket and clothing. Ullery's girlfriend arrived to retrieve their infant son, and when she removed the car seat, police discovered a broken sunglasses case underneath it. The case contained a used syringe, a spoon, a straw, and a bag of methamphetamine. Upon searching the vehicle, police also discovered a bag of heroin on the front passenger side floorboard. Additionally, Ullery admitted to police that he had smoked marijuana earlier that day.

[4] As a result of these events, the State charged Ullery as follows: Count I, Level 5 Felony possession of cocaine or a narcotic drug; Count II, Level 5 felony

possession of methamphetamine; Count III, Level 6 felony unlawful possession of a syringe; Count IV, Class A misdemeanor operating with a suspended license; and Count V, Class C misdemeanor possession of paraphernalia. Ullery pled guilty as charged and received an aggregate sentence of four years executed in the DOC. Ullery now appeals.

## Discussion & Decision

[5] On appeal, Ullery argues that his sentence is inappropriate in light of the nature of the offenses and his character. Article 7, section 4 of the Indiana Constitution grants our Supreme Court the power to review and revise criminal sentences. *See Knapp v. State*, 9 N.E.3d 1274, 1292 (Ind. 2014), *cert. denied*, 135 S.Ct. 978 (2015). Pursuant to Ind. Appellate Rule 7, the Supreme Court authorized this court to perform the same task. *Cardwell v. State*, 895 N.E.2d 1219, 1224 (Ind. 2008). Per Ind. App. R. 7(B), we may revise a sentence "if after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." *Inman v. State*, 4 N.E.3d 190, 203 (Ind. 2014) (quoting App. R. 7). "Sentencing review under Appellate Rule 7(B) is very deferential to the trial court." *Conley v. State*, 972 N.E.2d 864, 876 (Ind. 2012). "Such deference should prevail unless overcome by compelling evidence portraying in a positive light the nature of the offense (such as accompanied by restraint, regard, and lack of brutality) and the defendant's character (such as substantial virtuous traits or persistent examples of good character)." *Stephenson v. State*, 29 N.E.3d 111, 122 (Ind. 2015).

[6]     Ullery received an aggregate sentence of four years for committing two Level 5 felonies, a Level 6 felony, a Class A misdemeanor, and a Class C misdemeanor. Ullery does not challenge the length of his sentence. Rather, he challenges his placement in the DOC, arguing that he should instead have been placed on home detention or, alternatively, in the Purposeful Incarceration Program. Although the location where a sentence is to be served is subject to review under Ind. App. R. 7(B), "it will be quite difficult for a defendant to prevail on a claim that the placement of his sentence is inappropriate." *King v. State*, 894 N.E.2d 265, 267 (Ind. Ct. App. 2008). This is so because a defendant challenging the placement of his sentence must convince us not that another placement would be more appropriate, but that his given placement is inappropriate. *Id.* at 268.

[7]     We are not convinced that Ullery's placement in the DOC rather than home detention or Purposeful Incarceration is inappropriate. Considering the nature of the offense, the record reveals that Ullery had his infant son in the car with him when he was pulled over at approximately 3 a.m. for exceeding the posted speed limit by nearly twenty miles per hour. Ullery admitted that he had been smoking marijuana that day, and police discovered heroin on the floorboard in front of the child and methamphetamine and drug paraphernalia, including a used syringe, under the child's car seat. Nothing about the nature of the offense suggests that placement in the DOC is inappropriate.

[8]     We reach the same conclusion with respect to Ullery's character. Ullery's criminal history includes convictions for Class C felony child molesting and

Class A misdemeanor possession of marijuana. Ullery also has a very lengthy history of traffic infractions and two prior probation violations. Moreover, Ullery failed to appear on two separate occasions in this case, and he was arrested for new offenses while on pretrial release. In other words, Ullery has not fared well when offered alternatives to incarceration. As for Ullery's argument that he is need of treatment for his substance abuse problem, we note that he has received treatment in the past but nevertheless continued to abuse drugs. Finally, although Ullery has professed a desire to be a better father, the record shows that he has consistently placed his desire for drugs ahead of his son's welfare. Ullery's placement in the DOC was not inappropriate.

[9] Judgment affirmed.

[10] Kirsch, J. and Mathias, J., concur.