## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Feb 02 2018, 5:53 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Jeremy K. Nix
Huntington, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

George P. Sherman
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Christopher F. Raddenbach,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff* | February 2, 2018<br><br>Court of Appeals Case No.<br>90A02-1709-CR-2163<br><br>Appeal from the Wells Superior Court<br><br>The Honorable Andrew K. Antrim, Judge<br><br>Trial Court Cause No.<br>90D01-1602-CM-40 |

**Altice, Judge.**

## Case Summary

[1]  Christopher F. Raddenbach appeals the sentence imposed following his plea of guilty to Class A misdemeanor operating a vehicle with an alcohol concentration equivalent of .15 or more and his admission to being a habitual vehicular substance offender. On appeal, Raddenbach argues that his sentence is inappropriate in light of the nature of the offense and his character.

[2]  We affirm.

## Facts & Procedural History

[3]  On February 6, 2016, two Wells County Sheriff's Deputies had parked their vehicles in a parking lot across the street from an apartment building. While there, the deputies noticed a man, later identified as Raddenbach, standing in front of the apartment building and waving his arms at them. Raddenbach gave the deputies the middle finger before going inside the building. When Raddenbach came back outside about a minute later, he got into a silver SUV, backed the vehicle out of its parking spot, and turned it to face the deputies across the street. For the next several minutes, Raddenbach alternated between flashing the vehicle's bright headlights and leaving them on for brief intervals.

[4]  The deputies then drove across the street to speak to Raddenbach, and Raddenbach told them that he was upset because he thought the deputies had been deliberately shining their headlights into his apartment window. Raddenbach displayed multiple signs of intoxication during this exchange and he admitted that he had been drinking. After Raddenbach failed field sobriety

tests, he submitted to a certified chemical breath test, which revealed an alcohol concentration equivalent of .159.

[5] As a result of these events, the State charged Raddenbach with Class A misdemeanor operating a vehicle with an alcohol concentration equivalent of .15 or more and Class C misdemeanor operating a vehicle while intoxicated. The State also alleged that Raddenbach was a habitual vehicular substance offender. Raddenbach failed to appear for a hearing on March 3, 2016, and his whereabouts were unknown until he was arrested on February 2, 2017.

[6] One June 15, 2017, Raddenbach pled guilty to the Class A misdemeanor charge and admitted to being a habitual vehicular substance offender, and the State dismissed the Class C misdemeanor charge. On August 17, 2017, the trial court sentenced Raddenbach to one year for the Class A misdemeanor, enhanced by three years based on the habitual vehicular substance offender finding. Raddenbach now appeals.

## Discussion & Decision

[7] Raddenbach argues that his four-year aggregate sentence is inappropriate. Article 7, section 4 of the Indiana Constitution grants our Supreme Court the power to review and revise criminal sentences. *See Knapp v. State*, 9 N.E.3d 1274, 1292 (Ind. 2014), *cert. denied*, 135 S.Ct. 978 (2015). Pursuant to Ind. Appellate Rule 7, the Supreme Court authorized this court to perform the same task. *Cardwell v. State*, 895 N.E.2d 1219, 1224 (Ind. 2008). Per App. R. 7(B), we may revise a sentence "if after due consideration of the trial court's decision,

the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." *Inman v. State*, 4 N.E.3d 190, 203 (Ind. 2014) (quoting App. R. 7). "Sentencing review under Appellate Rule 7(B) is very deferential to the trial court." *Conley v. State*, 972 N.E.2d 864, 876 (Ind. 2012). "Such deference should prevail unless overcome by compelling evidence portraying in a positive light the nature of the offense (such as accompanied by restraint, regard, and lack of brutality) and the defendant's character (such as substantial virtuous traits or persistent examples of good character)." *Stephenson v. State*, 29 N.E.3d 111, 122 (Ind. 2015).

[8] The determination of whether we regard a sentence as inappropriate "turns on our sense of the culpability of the defendant, the severity of the crime, the damage done to others, and myriad other factors that come to light in a given case." *Bethea v. State*, 983 N.E.2d 1134, 1145 (Ind. 2013) (quoting *Cardwell*, 895 N.E.2d at 1224). Moreover, "[t]he principal role of such review is to attempt to leaven the outliers." *Chambers v. State*, 989 N.E.2d 1257, 1259 (Ind. 2013). It is not our goal in this endeavor to achieve the perceived "correct" sentence in each case. *Knapp*, 9 N.E.3d at 1292. Accordingly, "the question under Appellate Rule 7(B) is not whether another sentence is *more* appropriate; rather, the question is whether the sentence imposed is inappropriate." *King v. State*, 894 N.E.2d 265, 268 (Ind. Ct. App. 2008) (emphasis in original).

[9] In order to assess the appropriateness of a sentence, we first look to the statutory range established for the classification of the relevant offense. Raddenbach committed a Class A misdemeanor and was found to be a habitual

vehicular substance offender. Thus, the trial court had the discretion to sentence Raddenbach to a term of up to nine years in prison. *See* Ind. Code § 35-50-3-2 (providing that a person who commits a Class A misdemeanor shall be imprisoned for a fixed term of not more than one year); Ind. Code § 9-30-15.5-2 (providing that a person found to be a habitual vehicular substance offender shall be sentenced to an additional term of at least one year but not more than eight years). Raddenbach was sentenced to four years in prison.

[10] The nature of the offense in this case is, for the most part, unremarkable. However, Raddenbach's character is sufficient standing alone to support his four-year sentence. Raddenbach has a long criminal history, including convictions for theft, trespassing, false informing, leaving the scene of an accident, operating a vehicle while a habitual traffic violator, operating a vehicle after a lifetime license forfeiture, and multiple operating while intoxicated offenses. Raddenbach has also violated probation numerous times, and he was on parole at the time of the instant offense. We also note that Raddenbach failed to appear for a hearing in this case on March 3, 2016, and his whereabouts were unknown until he was arrested on February 2, 2017. For all of these reasons, we cannot conclude that Raddenbach's four-year sentence is inappropriate.

[11] Judgment affirmed.

[12] May, J. and Vaidik, C.J., concur.