## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Jun 20 2018, 7:33 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Alexander L. Hoover
Law Office of Christopher G. Walter, P.C.
Nappanee, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Jesse R. Drum
Deputy Attorney General
Indianapolis, Indiana

## IN THE
# COURT OF APPEALS OF INDIANA

Gauvin M.J. Monaghan,
*Appellant-Defendant,*

v.

State of Indiana,
*Appellee-Plaintiff.*

June 20, 2018

Court of Appeals Case No.
18A-CR-144

Appeal from the Marshall Superior Court

The Honorable Robert O. Bowen, Judge

Trial Court Cause No.
50D01-1611-MR-2

**Najam, Judge.**

# Statement of the Case

Gauvin M.J. Monaghan appeals his sentence following his conviction for murder, a felony. He presents a single issue for our review, namely, whether his sentence is inappropriate in light of the nature of the offense and his character. We affirm.

# Facts and Procedural History

In late October 2016, Monaghan and his roommate, Maeson Coffin, became angry with their landlord, Paul Costello, when he asked them to pay overdue rent. Monaghan and Coffin murdered Costello and hid his dead body under a plastic drum and a large piece of sheet metal near an outbuilding on Costello's property. Monaghan and Coffin then stole Costello's car and drove it to Monaghan's mother's house in New York. Monaghan's girlfriend later contacted the Marshall County Sheriff's Department to report that she thought Monaghan and Coffin had murdered Costello, and local law enforcement officers found Monaghan and Coffin in New York.

The State charged Monaghan with murder, a felony, and auto theft, as a Level 6 felony. The State then amended the information and charged Monaghan with conspiracy to commit murder; murder; burglary, as a Level 4 felony; auto theft, as a Level 6 felony; and theft, as a Level 6 felony. In November 2017, Monaghan pleaded guilty to murder. In exchange for that plea, the State dismissed the remaining charges. The trial court entered judgment of

conviction accordingly and sentenced Monaghan to sixty-five years executed. This appeal ensued.

## Discussion and Decision

[4] Monaghan contends that his sentence is inappropriate in light of the nature of the offense and his character.[1] Indiana Appellate Rule 7(B) provides that "[t]he Court may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." The Indiana Supreme Court has recently explained that:

> The principal role of appellate review should be to attempt to leaven the outliers . . . but not achieve a perceived "correct" result in each case. *Cardwell v. State*, 895 N.E.2d 1219, 1225 (Ind. 2008). Defendant has the burden to persuade us that the sentence imposed by the trial court is inappropriate. *Anglemyer v. State*, 868 N.E.2d 482, 494 (Ind.), as amended (July 10, 2007), *decision clarified on reh'g*, 875 N.E.2d 218 (Ind. 2007).

*Shoun v. State*, 67 N.E.3d 635, 642 (Ind. 2017) (omission in original).

[5] Indiana's flexible sentencing scheme allows trial courts to tailor an appropriate sentence to the circumstances presented, and the trial court's judgment "should receive considerable deference." *Cardwell*, 895 N.E.2d at 1222. Whether we

---

[1] In his brief on appeal, Monaghan acknowledges that his contention under Appellate Rule 7(B) requires "a distinct and separate analysis" from that required for an abuse of discretion contention. Appellant's Br. at 7. And Monaghan clearly asserts only an argument under Appellate Rule 7(B). Thus, to the extent Monaghan's argument might be more appropriately framed as an abuse of discretion in sentencing, that issue is waived.

regard a sentence as inappropriate at the end of the day turns on "our sense of the culpability of the defendant, the severity of the crime, the damage done to others, and myriad other factors that come to light in a given case." *Id*. at 1224. The question is not whether another sentence is more appropriate, but rather whether the sentence imposed is inappropriate. *King v. State*, 894 N.E.2d 265, 268 (Ind. Ct. App. 2008). Deference to the trial court "prevail[s] unless overcome by compelling evidence portraying in a positive light the nature of the offense (such as accompanied by restraint, regard, and lack of brutality) and the defendant's character (such as substantial virtuous traits or persistent examples of good character)." *Stephenson v. State*, 29 N.E.3d 111, 122 (Ind. 2015).

[6] Here, the trial court identified the following mitigating factors: lack of adult criminal history; his guilty plea; and his remorse. And the trial court identified the following aggravating factors: his juvenile adjudications; his high risk to reoffend; his theft of the victim's car and flight to another state; his attempt to hide the dead body; his bad conduct in jail after his arrest; and that his "acts exceeded what was necessary to obtain conviction of the offense charged." Appellant's App. Vol. II at 167. Accordingly, the trial court sentenced Monaghan to sixty-five years executed.

[7] Monaghan contends that his sentence is inappropriate in light of the nature of the offense. The circumstances of the crime indicate otherwise. Monaghan beat Costello, a seventy-nine-year-old man, to death with a blunt instrument for "no reason." Tr. at 14. Indeed, Monaghan acknowledges that he killed Costello in "a cold-blooded manner of binding him in chains after being

stripped[.]" Appellant's Br. at 9. But he maintains that Monaghan's young age (eighteen) at the time of the offense "act[s] as a reason to believe that [he] deserves something less than the maximum possible sentence." *Id.* at 10. Monaghan asserts that the trial court should have considered his young age as a mitigator. But he does not explain how this factor bears on the *nature of the offense* for purposes of Appellate Rule 7(B). We cannot say that Monaghan's sentence is inappropriate in light of the nature of the offense.

[8] Monaghan contends that his "character is difficult to evaluate in the case at bar due to a lack of a record in respect to his character." *Id.* But Monaghan asserts that, given his "limited juvenile history," guilty plea, expression of remorse, and "rough childhood," his sentence is inappropriate in light of his character. *Id.* at 11. We cannot agree. Monaghan's juvenile history includes adjudications for theft and possession of marijuana, and he violated his probation. Monaghan dropped out of high school and has a history of abusing alcohol, bath salts, cocaine, heroin, marijuana, methamphetamine, and Xanax. We cannot say that Monaghan's sentence is inappropriate in light of his character, and we affirm his sentence.

[9] Affirmed.

Robb, J., and Altice, J., concur.