## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Aug 05 2020, 9:39 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

David L. Joley
Fort Wayne, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Benjamin J. Shoptaw
Deputy Attorney General

Alexandria Sons
Certified Legal Intern
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Morgan Perona,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff*

August 5, 2020

Court of Appeals Case No.
20A-CR-274

Appeal from the Allen Superior Court

The Honorable Frances C. Gull, Judge

Trial Court Cause No.
02D05-1905-F5-143

**Baker, Senior Judge.**

[1] Morgan Perona appeals the sentence imposed by the trial court after Perona pleaded guilty to Level 5 felony possession of methamphetamine and Class A misdemeanor resisting law enforcement. Perona argues that the sentence is inappropriate in light of the nature of the offenses and his character. Finding the sentence not inappropriate, we affirm.

[2] On May 7, 2019, Perona was a passenger in a vehicle that was pulled over by a Fort Wayne police officer. Perona was found to be in possession of a small bag that contained a substance later determined to be 6.3 grams of methamphetamine. The officer grabbed Perona's wrists and asked him to place his hands behind his back. Perona resisted, another officer came to assist, and both officers deployed their tasers.

[3] On May 13, 2019, the State charged Perona with Level 5 felony possession of methamphetamine and Class A misdemeanor resisting law enforcement. On June 3, 2019, Perona pleaded guilty as charged and was accepted into the Drug Court Diversion Program. Perona violated the rules of Drug Court on four occasions; on the fourth occasion, Perona was terminated from Drug Court. On January 7, 2020, the trial court sentenced Perona to three years for possession of methamphetamine and to one year for resisting law enforcement, to be served concurrently. Perona now appeals.

[4] Perona argues that the sentence imposed by the trial court is inappropriate in light of the nature of the offenses and his character pursuant to Indiana Appellate Rule 7(B). We must "conduct [this] review with substantial

deference and give 'due consideration' to the trial court's decision—since the 'principal role of [our] review is to attempt to leaven the outliers,' and not to achieve a perceived 'correct' sentence." *Knapp v. State*, 9 N.E.3d 1274, 1292 (Ind. 2014) (quoting *Chambers v. State*, 989 N.E.2d 1257, 1259 (Ind. 2013)) (internal citations omitted).

[5] Perona pleaded guilty to a Level 5 felony, for which he faced a sentence of one to six years, with an advisory term of three years. Ind. Code § 35-50-2-6(b). The trial court imposed an advisory three-year term, as well as a concurrent one-year term for the Class A misdemeanor conviction, for an aggregate term of three years imprisonment. The trial court denied Perona's request to serve the sentence in community corrections. This Court has observed that it is "quite difficult for a defendant to prevail on a claim that the placement of his sentence is inappropriate." *King v. State*, 894 N.E.2d 265, 267 (Ind. Ct. App. 2008).

[6] With respect to the nature of the offenses, Perona possessed over six grams of methamphetamine and resisted the officers who were trying to place him in custody. We agree that these offenses are not the worst of the worst, but the trial court did not sentence him as such—instead, it imposed the advisory three-year term.

[7] With respect to Perona's character, he has a relevant and lengthy history of drug crimes. As an adult, he has been convicted of two felonies and three misdemeanors; he also had multiple contacts with the juvenile system. The trial court noted that over the course of Perona's history with the criminal

justice system, he has been given "short jail sentences, longer jail sentences, unsupervised probation, community corrections treatment, active adult probation, and then the Drug Court Program." Sent. Hrg. Tr. p. 7. Regardless of the leniency of the sentences imposed, Perona has continued to commit crimes. In fact, in this very case, he was afforded leniency at the outset with the Drug Court Diversion Program, but after four violations of the program rules, he lost that privilege.

[8] We acknowledge that Perona is struggling with a significant substance abuse problem. But given that multiple past attempts at leniency have failed, we cannot say that the trial court's imposition of an advisory three-year term or denial of the privilege of serving the sentence in community corrections are inappropriate.

[9] The judgment of the trial court is affirmed.

Bailey, J., and Vaidik, J., concur.