## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Dec 28 2020, 9:10 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

James A. Shoaf
Columbus, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Carah Rochester
J.T. Whitehead
Deputy Attorneys General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Brian Andrew Hoover,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

December 28, 2020

Court of Appeals Case No.
20A-CR-1393

Appeal from the Bartholomew
Superior Court

The Honorable James D. Worton,
Judge

Trial Court Cause No.
03D01-2001-F6-487

**Bailey, Judge.**

# Case Summary

[1] Brian Andrew Hoover ("Hoover") challenges his sentence, following a plea agreement, for criminal recklessness with a deadly weapon, as a Level 6 felony.[1] The only issue he raises on appeal is whether his sentence is inappropriate in light of the nature of the offense and his character.

[2] We affirm.

# Facts and Procedural History

[3] On January 27, 2020, Dustin Hurley ("Hurley") visited his grandparent's home, where Hoover also lived, to drop off prescription medication for his grandfather. Hurley was Hoover's nephew, and a "family squabble" took place. Tr. at 16. Hurley's grandmother hurried him out of the house, stating that Hoover was in a bad mood. As Hurley drove away from the residence, he observed Hoover exit the front door and fire a shotgun once at Hurley's vehicle. Hurley pulled over to check the vehicle and noticed no damage.

[4] Hoover's neighbor called the police and told the responding officer that, after Hurley left the residence, she witnessed Hoover step outside and fire a shotgun towards Hurley's vehicle. Police attempted to contact Hoover at the residence, but he could not be located. Officers found the back door of the residence to be

---

[1] Ind. Code § 35-42-2-2(a), (b)(1).

unlocked and partially cracked.  The officers also observed several firearms in plain view, including a black shotgun behind the front door.  With the use of an unmanned aerial system, Hoover was located in a field east of the residence and taken into custody.  At the time, Hoover had served only three weeks of his probation in another cause.

[5]     On January 28, 2020, the State charged Hoover with criminal recklessness with a deadly weapon, as a Level 6 felony.  On May 5, Hoover entered into a plea agreement with the State under which he agreed to plead guilty as charged.  At his June 3 guilty plea hearing, Hoover did so plead.  On July 1, the trial court entered judgment of conviction for the Level 6 felony and conducted a sentencing hearing that same day.  As mitigating factors, the trial court found that Hoover pled guilty and had mental health conditions.  The trial court found five aggravating factors:  (1) Hoover's history of criminal behavior; (2) Hoover was on probation in the past and had had petitions to revoke his probation filed against him; (3) Hoover had had the opportunity for treatment in the past and was unsuccessful; (4) Hoover was on probation at the time of the offense; and (5) Hoover's pre-trial conduct while in jail, which included jail rule violations.  Hoover's criminal history includes convictions of:  two counts of possession of marijuana; public intoxication; criminal mischief; two counts of resisting law enforcement; two counts of operating a vehicle while intoxicated; attempted battery by bodily waste; and domestic battery.

[6] The trial court sentenced Hoover to eighteen months, executed, in the Department of Corrections ("DOC").[2] This appeal ensued.

# Discussion and Decision

[7] Hoover contends that his sentence for his Level 6 felony is inappropriate in light of the nature of the offense and his character. Article 7, Sections 4 and 6 of the Indiana Constitution "authorize[] independent appellate review and revision of a sentence imposed by the trial court." *Roush v. State*, 875 N.E.2d 801, 812 (Ind. Ct. App. 2007) (alteration in original). This appellate authority is implemented through Indiana Appellate Rule 7(B). *Id.* Revision of a sentence under Rule 7(B) requires the appellant to demonstrate that his sentence is "inappropriate in light of the nature of the offense and the character of the offender." Ind. Appellate Rule 7(B); *see also Rutherford v. State*, 866 N.E.2d 867, 873 (Ind. Ct. App. 2007).

[8] Indiana's flexible sentencing scheme allows trial courts to tailor an appropriate sentence to the circumstances presented, and the trial court's judgment "should receive considerable deference." *Cardwell v. State*, 895 N.E.2d 1219, 1224 (Ind. 2008). The principal role of appellate review is to attempt to "leaven the outliers." *Id.* at 1225. Whether we regard a sentence as inappropriate at the

---

[2] Hoover was also ordered to serve the balance of his two-year sentence in another, separate cause for violation of probation, to be served consecutive to the sentence in this case. The sentence for the probation violation is not at issue in this appeal.

end of the day turns on "our sense of the culpability of the defendant, the severity of the crime, the damage done to others, and myriad other factors that come to light in a given case." *Id.* at 1224. The question is not whether another sentence is more appropriate, but rather whether the sentence imposed is inappropriate. *King v. State*, 894 N.E.2d 265, 268 (Ind. Ct. App. 2008). Deference to the trial court "prevail[s] unless overcome by compelling evidence portraying in a positive light the nature of the offense (such as accompanied by restraint, regard, and lack of brutality) and the defendant's character (such as substantial virtuous traits or persistent examples of good character)." *Stephenson v. State*, 29 N.E.3d 111, 122 (Ind. 2015).

[9] We begin by noting that Hoover's sentence for his Level 6 felony is within the statutory sentencing range and is not at the highest level of the range. I.C. § 35-50-2-7(b) (providing the sentencing range for a Level 6 felony is six months to two and a half years, with an advisory sentence of one year).

[10] Moreover, our review of the record discloses nothing remarkable about the nature of the offenses that would warrant revising Hoover's sentence. "The nature of the offense is found in the details and circumstances of the commission of the offense and the defendant's participation." *Zavala v. State*, 138 N.E.3d 291, 301 (Ind. Ct. App. 2019) (quotation and citation omitted), *trans. denied*. Here, Hoover fired a shotgun at his fleeing nephew. He then tried to evade the police.

Nor does the nature of Hoover's character warrant a sentence revision. "The significance of a criminal history in assessing a defendant's character and an appropriate sentence varies based on the gravity, nature, and number of prior offenses in relation to the current offense." *Denham v. State*, 142 N.E.3d 514, 517 (Ind. Ct. App. 2020) (quotation and citation omitted), *trans. denied*. Hoover has an extensive criminal history that includes crimes of violence. He also has a history of probation violations and was serving a suspended sentence at the time he committed the crime. In fact, Hoover continued to behave poorly even while in jail awaiting trial on the current charges; he had several jail rule violations. Hoover has been afforded treatment in the past but did not successfully complete such treatment. His criminal history, on-going poor behavior in jail, and failure to take advantage of past treatment opportunities reflect poorly on his character.

We cannot say that Hoover's aggregate sentence of eighteen months imprisonment for his Level 6 felony conviction is inappropriate in light of the nature of the offense and his character.

Affirmed.

Robb, J., and Tavitas, J., concur.